the charge given was clearly erroneous. It is in the following language:

"You are further charged that if you believe from the evidence that the defendant, Jewel Redwine, provoked the difficulty for the purpose of killing the deceased, Eulon Ellis, and that he, defendant, was afterwards forced to the extremity of killing Eulon Ellis in order to prevent himself from being killed by Eulon Ellis, the right of self-defense would not inure to the benefit of the defendant, and such killing, if any, would be murder.

"You are further charged that if you believe from the evidence that the defendant, Jewel Redwine, provoked the difficulty only for the purpose of whipping Eulon Ellis, if he did do so, and that he, the defendant, was afterwards forced to the extremity of killing Eulon Ellis in order to protect his own life, then, in such event, such killing, if any, would be manslaughter."

[2] The criticism is that this charge assumed the fact that appellant did provoke the difficulty, and that he did it for the purpose of killing deceased, and under certain circumstances it would be murder, and under other circumstances it would have been manslaughter. The court is not authorized to assume any fact that is detrimental to the rights of the accused. If the issue of provoking the difficulty is in the case, the court must instruct the jury to first find that fact, and if they so believe, then the charge may properly submit that issue to the jury. The court in no event can assume the fact that provoking the difficulty is in the case. Provoking a difficulty is never given except as a limitation on the right of self-defense, and this only when the accused has done some act or said something which would provoke the deceased into a difficulty with a view of either killing or inflicting punishment upon him. In this instance, however, the court assumed as a fact there was provoking a difficulty on the part of appellant either to kill or to whip deceased. This is erroneous, and of such a nature that it requires a reversal of the judgment. The jury gave appellant 25 years for murder.

[3] Another bill of exceptions recites at considerable length a verbal charge or address delivered to the jury on Monday morning while testing the jurors for the week as to their qualification. There is a considerable amount of this address devoted to a discussion of the reasonable doubt and how from the viewpoint of the court it ought to be considered. If the court had embodied in his charge the statements he made to the jury, it would have reversed the judgment. There are quite a lot of things stated by the court in his address to the jury, which he states is not the law. There have been several opinions written with reference to the matter. The views of the writer have been written and are fully understood. Chapman v. State, 42 Tex. Cr. R. 135, 57 S. W. 965; Attaway v. State, 41 Tex. Cr. R. 395, 55 S. W. 45; also in dissenting opinion in Reed v. State, 74 Tex. Cr. R. 242, 168 S. W. 541; Tyrone v. State, 77 Tex. Cr. R. 493, 180 S. W. 125. In some of these cases the judgment has been reversed, and in others the judgment was not reversed on that particular question. It will be well enough for courts not to indulge such addresses as shown by this bill of exceptions. They are not conducive to a legal trial. In this case two of the addressed jurors did sit in the case. The court signs the bill of exceptions showing two jurors sat in the case, with the statement that one of them was related to one of defendant's counsel, and to neither of the two was challenge interposed, although appellant had four challenges remaining after the impaneling of the jury. Under these circumstances the matter might not be considered reversible. But again we express the suggestion that such speeches should not occur. This is not conducive to fair trial. The minimizing and criticism of legal rights by trial courts is not within the contemplation of our jurisprudence. The opposing view is legally correct.

Because of the charge on provoking a difficulty, the judgment will be reversed, and the cause remanded.

---

(85 Tex. Cr. R. 421)

ROGERS v. STATE.  (No. 5401.)

(Court of Criminal Appeals of Texas. May 21, 1919. On Motion for Rehearing, June 11, 1919.)

1. CRIMINAL LAW ⚙➡108?(1)—NOTICE OF APPEAL—ENTRY ON MINUTES OF COURT.

Where transcript contained copies of the appeal and recognizance, and clerk's certificate was to effect that it contained a correct transcript of trial proceedings, but where there was nothing to show an entry on the minutes of the court of the notice of appeal or the recognizance, as required by law, a motion to dismiss the appeal will be sustained.

On Motion for Rehearing.

2. WEAPONS ⚙➡9 — CARRYING PISTOL—EVIDENCE.

In a prosecution for unlawfully carrying a pistol, wherein defendant claimed that he heard a noise behind his house and took his pistol, and ran out the back door some 50 feet, where he met the officers and was arrested, and that the arrest was made on his own rented premises, evidence held not to sustain a conviction.

3. WEAPONS ⚙➡9—CARRYING WEAPONS.

One has a right to have a pistol upon his own premises.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

---

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mike Rogers was convicted of unlawfully carrying a pistol, ·and· he appeals. Motion of Attorney General to dismiss appeal sustained, and, the record having been perfected, the dismissal previously entered set aside on rehearing, and judgment reversed and cause remanded.

S. M. Adams, of Nacogdoches, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. [1] The Assistant Attorney General has presented a motion to dismiss the appeal upon the ground that the record fails to show an entry on the minutes of the court of the notice of appeal or the recognizance. We find copied in the transcript before us copies of the appeal and recognizance, but the point is made that there is nothing to show that these are recorded in the minutes of the court as required by law. This should appear from the certificate of the clerk, but in the. present instance the certificate is to the effect that it. contains a correct transcript of the proceedings had as the same appeared on file. If, as stated in the certificate, the matters copied in the record are merely from something that is on file, the law is not complied with, and since the only evidence we have to guide us is the certificate of the clerk we must, since the point is made, sustain the motion. We will say, however, that if the notice of appeal and recognizance are in fact recorded in the minutes of the court, that permission will be granted to amend the certificate to accord with the facts.

The motion is sustained, and the appeal dismissed.

### On Motion for Rehearing.

The record having been perfected, the dismissal heretofore entered is set aside.

[2, 3] The prosecution is for unlawfully carrying a pistol. A pistol was taken from the possession of the appellant by officers. The state's witness, describing the locality, says:

·"That the appellant was in quarters at Mayo. He was there in quarters, but not in any house, but near a house he claimed as his, which was the nearest house in 40 or 50 feet from where the pistol was taken from him."

· The appellant claimed that he heard a noise behind his house, and took his pistol in his hand and ran out the back door some 50 feet, when he met the officers and was arrested; that the arrest was made at his house, which he rented from the Mill Company at Mayo. There was no fence around his yard, and no public road near it.

We think the evidence is insufficient to show that the appellant was unlawfully carrying a pistol. He had a right to one upon his own premises. He claims to have been upon his own premises, and this the state's testimony does not controvert but tends to corroborate. See Fuller v. State, 58 Tex. Cr. R. 449, 126 S. W. 569; Mireles v. State, 192 S. W. 241; McQueen v. State, 76 Tex. Cr. R. 636, 177 S. W. 91; Parper v. State, 76 Tex. Cr. R. 260, 174 S. W. 343; Gibbs v. State, 70 Tex. Cr. R. 279, 156 S. W. 687.

The judgment of the lower court is reversed, and the cause remanded.