### JESSE HODGE V. THE STATE.

No. 9458. Delivered November 11, 1925.

Rehearing denied December 9, 1925.

**1.—Carrying a Pistol—Evidence—Held, Sufficient.**

Where, upon a trial for carrying a pistol, the evidence disclosed that appellant was found with a pistol some four hundred feet from the place where he lived, while in the act of putting a jug of whiskey down near a stump. We hold that this evidence shows an unlawful carrying of a pistol and the judgment will be affirmed.

ON REHEARING.

**2.—Same—Continued.**

On rehearing appellant contends that when found with a pistol on his person, he was on the property of the Kirby Lumber Company for whom he worked, and was therefore on his own premises, and cites to support his contention the case of Rogers v. State, 215 S. W. 637. We cannot agree with him, and find that the facts in the case cited are very different from those in the instant case, and his motion for rehearing is overruled. Distinguishing the case of Rogers v State, 213 S. W. 637.

Appeal from the County Court of Jefferson County at Law. Tried below before the Hon. C. N. Ellis, Judge.

Appeal from conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for unlawfully carrying a pistol. His punishment was assessed at a fine of $100.00.

No complaint is made at any proceeding during the trial. The only question raised is the sufficiency of the evidence.

Appellant was working for the Kirby Lumber Company. They had provided for employes a number of houses in what is known as the "quarters." Appellant was arrested about 8:30 at night, about fifty feet from a house in which he had formerly lived. A few days before he had moved to another house some four hundred feet from the place where the arrest occurred. Officers discovered appellant in the act of putting a jug of whiskey down near a stump and he was found to have a pistol at the time. He claimed to have been going to the house where he formerly lived to get some medicine to mix with the whiskey.

There is no brief on file for appellant, but his contention seems to be that as he was upon premises belonging to the Kirby Lumber Company for whom he worked he would have a legal right to carry a pistol under the exemption which permits one to be carried on a person's own premises. The facts do not call for the application of such exemption. He had no control of the property belonging to the Kirby Lumber Company save the one house in which he lived. He was performing no, duty relative to his employment with the company at the time he carried the pistol. To uphold the contention made by appellant would permit him to roam at will armed over the entire "quarters" provided by the lumber company for their employes.

Believing the evidence supports the verdict the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his application for rehearing appellant cites the case of Rogers v. State, 213 S. W. 637, which he claims supports the contention that while upon premises belonging to the company for whom he worked he was upon his own premises and therefore should not be held guilty of violating the law for unlawfully carrying a pistol. We do not regard Rogers' case (supra) as at all in conflict with our former opinion in the present case. In that case appellant was found with a pistol within forty or fifty feet of the house in which he actually lived, and claimed to have just left the house

with the pistol on account of hearing some noise or disturbance. The facts are entirely different from those presented in the present record. Appellant had moved from the house near which he was found with the pistol and was some distance from the house into which he had recently moved. To extend the holding in Rogers' case to the present facts would permit all employes of the Kirby Lumber Company to carry arms in any part of the quarters provided by such company for their employes. We do not conceive this to be the law.

The motion for rehearing is overruled.

*Overruled.*