E. J. LONG v. THE STATE.

No. 19330. Delivered January 19, 1938.
On the merits February 23, 1938.

46

The opinion states the case.

*John T. Buckley,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of fifty dollars.

It does not appear that notice of appeal was entered in the minutes of the trial court. Under the circumstances, this Court is without jurisdiction. Rogers v. State, 213 S. W. 637.

It appears that before the adjournment of the term of court appellant entered into an appeal bond. This instrument was signed by appellant and his sureties, approved by the trial judge and filed by the clerk. It is denominated an appeal bond. The trial court being in session, it was incumbent upon appellant to enter into a recognizance. Moreover, under the decisions, it was required that the recognizance be entered on the minutes of the trial court. Rogers v. State, supra; Bennett v. State, 194 S. W. 145.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant was charged with unlawfully operating a motor vehicle which had not been registered in the county of his residence. The proof showed that the truck appellant was operating had been registered in San Augustine County by Younger Brothers, Incorporated. This corporation owned a number of trucks which they operated in the oil fields of East Texas. Appellant was an employee of the corporation and worked for wages. He did not operate the truck exclusively, the evidence disclosing that other employees drove it at times under the orders of Earl Robbins, who was district foreman of the corporation. Mr. Robbins resided near Wright City in Smith County. At this juncture we quote from his testimony, as follows: "No, sir, the truck is not operated exclusively in Gregg County. It is operated in Gregg County, Smith County, Rusk County, Upshur County, and several others in addition to that. Yes, sir, that truck is subject to the call of Younger Brothers at any time and can be transferred at any time. No, sir, it isn't stationed in Gregg County the year around." Again, he testified that the home office of Younger Brothers was in San Augustine County, where the truck had been registered.

Appellant resided in Gregg County, and it was upon the theory that the truck should have been registered in the county of his residence that the prosecution proceeded. The arresting officer testified that appellant had in his possession receipts showing the truck had been registered in San Augustine County. He said: "I know that E. J. Long didn't own that truck." Again, he testified that he had seen another driver operate said truck. Again, we quote from the testimony of Mr. Robbins:

"No, sir, that truck didn't belong to E. J. Long. He is employed in the capacity of a truck driver. I would say that I have control over the truck. Yes, sir, I have control over it to the extent that I can put any driver on it that I want to. I had the authority to take it away from him at any time and place another driver on it. Yes, sir, other truck drivers drive the truck. Younger Brothers pays the license fees on these trucks."

It was charged in the complaint and information that the truck should have been registered in Gregg County, where appellant resided. It was incumbent upon the State to prove such averment beyond a reasonable doubt. On this point we think the evidence is not sufficient. It has already been observed that

it was not controverted that the corporation had its home office in San Augustine County. The district foreman lived in Smith County. In carrying on the business of the corporation, the truck was operated in several counties. Appellant worked for wages and operated the truck under the direction of the district foreman. We are constrained to hold that the record fails to reveal sufficient facts to justify the conclusion that it was incumbent upon the corporation to register the truck in the county of appellant's residence.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.