Robert Frederick WHITE, Appellant,

v.

UNITED STATES, Appellee.

No. 5724.

District of Columbia Court of Appeals.

Argued Sept. 28, 1971.

Decided Nov. 1, 1971.

Thomas W. Farquhar, Washington, D. C., appointed by this court, with whom Ed Wilhite, Washington, D. C., was on the brief, for appellant.

John A. McCahill, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Lester B. Seidel, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted after a jury trial of carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204. He urges this court to reverse the conviction on two grounds: (1) the trial judge abused his discretion in permitting the Government to impeach appellant's credibility by introducing evidence of a prior conviction for petit larceny; (2) the trial judge erred in not ruling as a matter of law that appellant was within the exception of the statute under which he was charged. We find that neither of these points merits reversal and therefore affirm.

The undisputed facts are as follows. About 9 p. m. on October 31, 1970, Officer Roswell Yates and four other officers entered the apartment building in which appellant lived for the purpose of executing a search warrant for apartment 102. Appellant lived in apartment 3 on the floor below apartment 102. After the officers had entered the building and had gone upstairs, a neighbor knocked on appellant's door and told him of a "commotion" upstairs. Appellant, a member of the Metropolitan Police Reserve, obtained a revolver from inside his apartment and proceeded to the floor above. He testified that he went upstairs with the weapon because he believed his wife and children were there and he intended to protect them and prevent any attempted burglary. Officer Yates placed appellant under arrest in the upstairs hallway after it was determined that appellant had no authority to carry the revolver. Over appellant's objection the prosecutor was allowed to use a 1961 petit larceny conviction to impeach him.

 The principal contention here is that the trial judge failed to follow the guidelines set forth in D.C.Code 1967, § 14–305, as construed in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and subsequent cases, for the use of prior convictions for impeachment. The trial judge referred to the District of Columbia Court Reform and Criminal Procedure Act of 1970,[1] revision of D.C.Code 1967, § 14–305,[2] which permits impeachment if less than ten years has elapsed since the later of either the date of release from confinement or the expiration of parole, probation, or sentence.[3] Appellant contends that these references by the trial judge to the ten-year criterion show that the trial judge exercised no discretion but

merely deferred to the statute, which was not yet in effect.[4] We disagree. We find nothing in the record to indicate that the trial judge did more than refer to the new statute as an expression of Congressional intent which he considered in reaching his decision. On this record we cannot say that this was an abuse of discretion.

 Moreover, even if we were to conclude that the trial judge had abused his discretion, we could not remand with instructions to exclude the record of a prior conviction which falls within the purview of the amended statute. United States v. Baber, D.C.Cir., 447 F.2d 1267 (decided July 19, 1971); Taylor v. United States, D.C.App., 280 A.2d 79, 81–82 (1971).

Appellant also contends that the trial judge erred in not ruling that he was within the exception to Section 22–3204. That section provides in relevant part:

No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license * * *.

 We note at the outset that appellant had the burden of bringing himself within the statutory exception. Williams v. United States, D.C.App., 237 A.2d 539, 541 (1968). He argues that the words "dwelling house" or "land possessed by him," in the above-quoted statute, should be read to mean "the entire apartment building"[5] rather than merely the apartment occupied by appellant. We disagree.

Counsel has cited no case in this jurisdiction, nor have we found any, that deals with facts similar to those presented here. However, other states which have similar

---

1. Act of July 29, 1970, Pub.L.No. 91–358, 84 Stat. 473.

2. *See* D.C.Code 1967 (Supp. IV, 1971) at 276–277.

3. D.C.Code 1967, § 14–305(b) (2) (B) (Supp. IV, 1971).

4. The trial occurred on December 15, 1970. The Act was not in effect until February 1, 1971.

5. Brief for Appellant at 13.

statutes have considered the issue and have consistently held that to come within the statutory exemption, the individual must have *exclusive* control and possession of the premises. *See, e. g.,* Wilson v. State, 418 S.W.2d 687 (Tex.Cr.App.1967); Rogers v. State, 85 Tex.Cr.R. 421, 213 S.W. 637 (Tex.Cr.App.1919); Clark v. State, 49 Ark. 174, 4 S.W. 658 (1887). *See also* Annot., 94 C.J.S. Weapons § 9 h(2) (a) (1956); Annot., 31 A.L.R. 1126 (1924). We see no reason to reject these precedents. Therefore, since appellant did not have exclusive control and possession of the hallway on the floor above his apartment, we hold that he has failed to bring himself within the statutory exemption.

Affirmed.