**UNITED STATES of America**

v.

**Robert FREEMAN, Appellant.**

**No. 71-1083.**

United States Court of Appeals, District of Columbia Circuit.

March 21, 1972.

Mr. Carl L. Taylor and Mr. Robert G. Sewell, Washington, D. C. (both appointed by this Court) were on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, John G. Gill, Jr., and Guy H. Cunningham, III, Asst. U. S. Attys., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

On appeal from a sentence for carrying a pistol without a license, 22 D.C. Code § 3204, appellant concedes he had a dangerous weapon on him, in a public place, and no license. He raises questions whether there was the requisite carrying and intent, and objections concerning the instructions given and denied.

The police officers testified they were on "crime patrol" about 11 p.m. and approached two men on a street corner, be-

cause one appeared to be trying to conceal a paper bag. That man ran, but his companion, defendant, remained, and was seen trying to reach towards his rear pocket. The officers saw a revolver handle protruding from this pocket and made their arrest. Defendant's account is that after extensive drinking on his day off he set out for supper, ran into a friend who slipped a gun into his back pocket and asked him to hold it, saying he'd be back to pick it up when defendant finished eating.

The theory of appellant's counsel is that defendant was involved in a "brief brush," and "minimal, accidental involvement with another man's pistol" which was not what the law was intended to reach, that the incident reflected not criminal intent so much as lack of alertness—on the part of a man who had been drinking and without food some 20 hours and without sleep for some 30 hours—that reflects on defendant as a member of "the inner city's street society" with a drinking problem, but not as the kind of person or action contemplated by a statute seeking to tighten up on persons who go around carrying weapons.

■ We find no error in the instructions given. An instruction cannot charge that the mere holding of a loaded pistol makes a man guilty if the theory of the defense shows *e.g.*, that defendant *did not get the gun except in self defense.* Wilson v. United States, 91 U.S. App.D.C. 135, 198 F.2d 299 (1952). As to the defense of innocent carrying, we question authorities like Wallace v. State, 82 Tex.Cr.R. 658, 200 S.W. 836 (1918), that an "unlawful carrying of the pistol" was not established when a friend handed defendant a pistol, as they crossed the railroad track, to hold while he went into a nearby social gathering. Whatever the conditions in rural Texas fifty years ago, in today's society

the offense of carrying a dangerous weapon "is a serious matter in a troubled metropolitan area." Epperson v. United States, 125 U.S.App.D.C. 303, 305, 371 F.2d 956, 958 (1967).

This is not an occasion for consideration of a defense that the weapon has not been carried for "at least some appreciable time"—to quote the language of 94 C.J.S. Weapons § 4. Trial counsel did not focus the case in that way—or request for an instruction in those terms —and he would have been hampered by defendant's own account, which indicated his awareness that the possession would last at least 15 minutes.

■■ Defendant requested a charge that the prosecution must prove "that the defendant's possession of the pistol was not excusable because such possession was temporary and innocent." In context this sought to convey to the jury that the prosecution must prove some kind of complicity by defendant as one who either owned the pistol, or customarily carried it, or was intending to use it—and the prosecution has no such burden.

■ Counsel's objection to the sentence (9 months to 3 years), is not properly addressed to the appellate court. This is not a case of a judgment revealing inconsistent or legally impermissible approaches, a mistake of law in regard to length of sentence, a failure to use sentencing aids to obtain relevant information, a failure to exercise discretion, a failure to supply legally required findings.* Defendant had previously been convicted of a felony in Virginia. The sentence was within the statutory maximum. Whether it should be reduced is a question for the District Court, whose authority continues until 120 days after its receipt of our mandate that its judgment is

Affirmed.

---

* Yates v. United States, 356 U.S. 363, 366–367, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); United States v. Waters, 141 U.S.App. D.C. 289, 437 F.2d 722 (1970); Leach v. United States, 122 U.S.App.D.C. 280, 353 F.2d 451 (1965), cert. denied, 383 U.S. 917, 86 S.Ct. 911, 15 L.Ed.2d 672 (1966); United States v. Moody, 371 F.2d 688, 693–694 (6th Cir. 1967); United States v. Wiley, 278 F.2d 500, 502–504 (7th Cir. 1960).