**Matthew HINES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 8059.

District of Columbia Court of Appeals.

Argued Sept. 10, 1974.

Decided Oct. 17, 1974.

Frank F. Flegal, Washington, D.C., appointed by this court, with whom Charles Ruff, Washington, D.C., was on the brief, for appellant.

David T. Stitt, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Donald E. Robinson, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal primarily raises the question whether appellant, being tried for carrying

a pistol without a license. (D.C.Code 1973, § 22–3204), was entitled to a jury instruction as to the defense of momentary or innocent possession when the evidence revealed that his admitted purpose in carrying an allegedly newfound pistol had been to show it to a friend. A second contention, which we shall address later, is that the trial court erred in ruling that appellant was not within the statutory exception permitting possession of a gun on land "possessed by him". (Section 22–3204, *supra*.) We hold that he was not entitled to the instruction and that he did not bring himself within the statutory exception. Accordingly, the judgment of conviction is affirmed.

Appellant's version of the facts was that he found a pistol in an alley near his apartment building when he went outside to throw away trash and inspect his parked car. Carrying the weapon on his upraised palm, he decided to return to his apartment and show the newfound pistol to his girl friend. When he reached his front porch, however, his girl friend panicked and grabbed the gun. In the ensuing struggle the gun fired twice, injuring appellant and his girl friend. A nearby hospital security guard heard the shots, came to the front porch, and seized the weapon. According to the security guard, appellant tried to conceal the gun in his (appellant's) pocket as he protested that no gun was involved. (Tr. 7, 19–20.)

■ We note at the outset that we are not confronted with a claim that a pistol was picked up out of an altruistic motive either to protect the finder or others from harm, to turn it over to the police, or to otherwise secure it. Rather, we deal with a situation in which the asserted reason for possession was to show the gun to a girl friend. Appellant stated at trial:

"Well, I had to take it to somebody. You don't find things like that and not show it." (Tr. 90, 91.) We deem this claimed purpose not properly cognizable as an excuse under the policy of section 22–3204 aimed at strict handgun control referred to in Mitchell v. United States, D.C.App., 302 A.2d 216, 217 (1973).

■■ In order to assert the defense of innocent or momentary possession, an accused must show not only an absence of criminal purpose but also that his possession was excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement. This requirement is entirely consistent with the well-established principle that the showing of a legally valid excuse or justification will negate liability for the doing of an act normally held criminal.[1] For example, the otherwise unlawful possession of a pistol is excused if done for the purpose of self-defense. Wilson v. United States, 91 U.S.App.D.C. 135, 136, 198 F.2d 299, 300 (1952). Furthermore, certain actions by police officers, such as the carrying of pistols,[2] the use of force in effecting an arrest,[3] or the possession of seized weapons, narcotics, or other contraband,[4] are also not crimes if done for the purpose of aiding or advancing an articulated or obvious law enforcement objective.

The concept of innocent possession was acknowledged in Mitchell v. United States, *supra* 302 A.2d at 218. There we implied that possession of a found pistol might be excused under some circumstances not extant on that record. It was said:

Although appellant asserts that he picked up the gun with the ultimate intention of delivering it to the police, it is significant that he still proceeded to move to-

---

1. Mitchell v. United States, *supra*; W. Burdick, Law of Crime §§ 427, 746 (1946).

2. United States v. Pritchett, 152 U.S.App. D.C. 307, 470 F.2d 455 (1972); D.C.Code 1973, § 22–3205.

3. W. LaFave and A. Scott, Jr., Criminal Law 389 (1972 ed.).

4. Franklin v. State, 147 Tex.Cr. 636, 183 S.W. 2d 573 (1944); 94 C.J.S. Weapons § 9 (1955).

ward the hostile group and contributed to the ensuing disorder. . . . [*Id.*]

Furthermore, we agree with what Judge Leventhal stated in United States v. Freeman, 149 U.S.App.D.C. 186, 187, 462 F.2d 290, 291 (1972), in dealing with a similar issue.

[W]e question authorities like Wallace v. State, 82 Tex.Cr.R. 658, 200 S.W. 836 (1918), that an "unlawful carrying of the pistol" was not established when a friend handed defendant a pistol, as they crossed the railroad track, to hold while he went into a nearby social gathering. Whatever the conditions in rural Texas fifty years ago, in today's society the offense of carrying a dangerous weapon "is a serious matter in a troubled metropolitan area." Epperson v. United States, 125 U.S.App.D.C. 303, 305, 371 F.2d 956, 958 (1967).

Appellant has cited several cases from other jurisdictions in which courts have carved exceptions for "nonwrongful" possession of dangerous weapons based on either momentary possession or possession with a civic-minded purpose. We agree with People v. LaPella, 272 N.Y. 81, 4 N. E.2d 943 (1936), in which the court held that it was error to refuse to instruct the jury regarding a defense for innocent possession where defendant's possession stemmed from his civic effort to aid law enforcement by turning the newfound pistol over to the police. There the defendant's possession was not only "non-wrongful", as appellant would confine our analysis (Appellant's Brief at 7), but also "designed to meet the social policy of the law." People v. LaPella, *supra*. It is on this basis that we distinguish, on the one hand, mere "non-wrongful" possession, which does not in every case further the policy of section 22–3204, and innocent possession with the intent of ensuring that a newfound pistol is taken as soon and as directly as possible to law enforcement officers.

 Appellant's second contention is that the trial court erroneously ruled that appellant was not within the exception in section 22–3204 for a person who carries a weapon "in his dwelling house . . . or on other land possessed by him". Appellant has the burden of bringing himself within the statutory exception. White v. United States, D.C.App., 283 A.2d 21, 23 (1971). Moreover, appellant must show that he had *"exclusive* control and possession of the premises." *Id.* at 24 (emphasis in original). In the instant case, the porch where appellant and his girl friend struggled was part of an apartment building in which appellant and others lived. Hence, appellant did not meet his burden of showing that the porch was within his exclusive control and possession. It follows that there was no error in the conviction and it is therefore

Affirmed.