**Dale A. WORTHY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13473.**

District of Columbia Court of Appeals.

Submitted April 17, 1979.

Decided Sept. 30, 1980.

Jeffrey B. O'Toole, Washington, D.C., was on the brief for appellant.

Earl J. Silbert, U.S. Atty., Washington, D.C., at the time the brief was filed, John A. Terry, Michael W. Farrell, and Genevieve Holm, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEBEKER, Associate Judge, PAIR, Associate Judge, Retired, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant was charged by indictment with possessing a sawed–off shotgun in violation of D.C. Code 1973, § 22–3214(a). The trial court ruled that appellant's proffered evidence about the circumstances of his possession of the shotgun was irrelevant and inadmissible. After a stipulated trial, he was found guilty and the court sentenced appellant to one year's imprisonment, suspending the execution of all but time served, and imposing a term of three years' probation. On appeal, appellant argues that the trial court erred in refusing to allow his attorney to introduce evidence he claims establishes the defense of innocent possession. We affirm the conviction.

I

The pertinent facts are undisputed. Shortly after 1:00 p.m. on October 21, 1977, two Metropolitan Police detectives saw appellant walking in the 900 block of Columbia Road, N.W., with the stock of a shotgun protruding from a coat draped over his arm. When appellant saw the detectives, he walked away rapidly. The police ordered him to drop the gun, and after he did so, he was arrested. The gun was test–fired later and proved to be operable.

Appellant's counsel proffered that witnesses would testify that the gun was a family heirloom, owned by various family members for at least 50 years, and served as a decoration over the mantelpiece. According to the defense, appellant was arrested on his way to his father's machine shop, where the shotgun's barrels were to be leaded to preserve the weapon as an heirloom.

After considering the defense proffer and the applicable case law, the trial court ruled that the evidence was inadmissible, since the testimony would not constitute a defense to the pending charge. The court reasoned that "the purpose for which Mr. Worthy .. was carrying the gun on a public street, is not a purpose which stems from an affirmative effort to aid and enhance social policy underlying law enforce-

ment," and thus, the proffered evidence was irrelevant.

## II

 D.C. Code 1973, § 22–3214(a) expressly forbids the possession of sawed–off shotguns, except in the case of certain military and law enforcement personnel. Congress enacted this provision to enforce drastically a prohibition against carrying particular dangerous weapons within the District of Columbia. *Martin v. United States*, D.C. App., 283 A.2d 448, 450 (1971); *Cooke v. United States*, 107 U.S.App.D.C. 223, 225, 275 F.2d 887, 889 (1960). Proof of intent to use a weapon for an unlawful purpose is not an element of the crime defined in § 22–3214(a). We have explained that "[t]he weapons listed in subsection (a) are so highly suspect and devoid of lawful use that their mere possession is forbidden." *United States v. Brooks*, D.C.App., 330 A.2d 245, 247 (1974). Thus, according to the plain language of § 22–3214(a), appellant's proffered evidence would not constitute a defense to the charge.

While this court has never articulated any judicial exception to § 22–3214(a), we have recognized that under certain circumstances the defense of innocent or momentary possession might be applicable to violations of § 22–3204 (carrying concealed weapons), but that ordinarily the purpose of the possession is irrelevant. *Logan v. United States*, D.C.App., 402 A.2d 822 (1979); *Carey v. United States*, D.C.App., 377 A.2d 40 (1977); *Blango v. United States*, D.C. App., 335 A.2d 230, 235 (1975); *Hines v. United States*, D.C.App., 326 A.2d 247, 248 (1974). We see no logical reason to hold differently as to possession of a prohibited weapon under § 22–3214(a).

 In order to assert the defense under *Hines, supra*, "an accused must show not only an absence of criminal purpose but also that his possession was excused and justified as stemming from an effort to aid and enhance social policy underlying law enforcement." *Logan v. United States, supra* at 826, quoting *Hines, supra* at 248. Under the *Hines* standard, appellant must show more than mere innocent possession in order to claim the defense. Appellant, rather, must prove that there was "innocent possession with the intent of ensuring that [the newly found weapon] is taken as soon and as directly as possible to law enforcement officers." *Hines, supra* at 249; *see also Carey, supra* at 44.

 In this case, appellant fails to qualify within the narrow parameters of the innocent possession defense. *See Logan, supra* at 826. Appellant's proffered evidence does not show that he had found the prohibited weapon recently. Furthermore, the testimony in no way establishes that appellant intended to deliver the gun to law enforcement officials at the time he was apprehended. The trial court neither erred nor abused its discretion in determining that the proffered testimony was irrelevant and inadmissible under the *Hines* criteria for proving innocent possession of a prohibited weapon. Accordingly, we affirm appellant's conviction.

*Affirmed.*