

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2007

# USA v. Daniels

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Daniels" (2007). *2007 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-5503

UNITED STATES OF AMERICA

v.

ABDUL Q. DANIELS

<u>Appellant</u>

Appeal from Judgment of Conviction
in Criminal No. 04-288 in the United States District Court
for the Western District of Pennsylvania
(Crim. No. 04-cr-00288)

Chief District Judge: Hon. Gustave Diamond

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

(Filed: September 20, 2007)

Before: McKEE, AMBRO, <u>Circuit Judges</u>
and ACKERMAN,[*] <u>District Judge</u>

———————————

OPINION

———————————

McKEE, <u>Circuit Judge</u>

———————————

[*] Honorable Harold A. Ackerman, Senior United States District Court for the District of New Jersey, sitting by designation.

Abdul Q. Daniels appeals his conviction for being a prior felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  For the following reasons, we will affirm the conviction.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case in detail.

## I.  The Innocent Possession Defense[1]

The District Court properly denied Daniels' request for a jury instruction on the affirmative defense of innocent possession.  That affirmative defense has not been recognized by this court.  Moreover, even if it had been available, Daniels cannot establish that it applies here.  To demonstrate a violation of § 922(g)(1),  the government must establish each of the following elements beyond a reasonable doubt: (1) Daniels had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; and (3) the firearm passed in interstate commerce.  *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).  The government must only establish that Daniels was aware that he possessed a firearm to establish that the possession was  "knowing."  *Id.*  The government need not establish an intent to cause harm or knowledge that possession was unlawful.  *Id.*  Daniels does not dispute that the Government established every element of the offense.

Daniels discusses the affirmative defense of justification that we recognized in *United States v. Paolello,*  951 F.2d 537, 541 (3d Cir. 1991).  However, he recognizes that that defense is inapplicable because he was not "under unlawful and present threat of death or serious bodily

---

[1] The briefs of both parties repeatedly refer to the "temporary innocent possession" defense.  However, the relevant case law refers to the doctrine as the "innocent possession" defense.  Accordingly, we will use that term in referring to the doctrine rather than the term employed by the parties.

injury" at the time he possessed the firearm. *See Paolello*, 951 F.2d at 540. Rather, he attempts to rely on the decision in *United States v. Mason*, 233 F.3d 619, 621 (D.C. Cir. 2001). There, the court  acknowledged the innocent possession defense in limited situations.

The Supreme Court has explained that Congress enacted § 922  to "keep firearms away from persons . . . potentially irresponsible and dangerous." *See Barrett v. United States*, 423 U.S. 212, 218 (1976). Accordingly,  we have explained the importance of "a narrow view of the justification defense as employed in connection with the felon-in-possession statute." *Dodd*, 225 F.3d at 347. That is true here.

Even if we were to adopt the reasoning of *Mason*, Daniels  would have had to satisfy the test the court established there. *See* 233 F.3d at 621. Thus, he would have had to establish that: "(1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory." *Id.* at 624. In order to satisfy the second element, "a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct." *Id.* (quoting *Logan v. United States*, 402 A.2d 822, 827 (D.C. 1979)). If a defendant satisfies both elements of the *Mason* test, the possession of a firearm is "excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement." *Id.* (quoting *Hines v. United States*, 326 A.2d 247, 248 (D.C. 1974)).

In order for an instruction to be presented to a jury on an affirmative defense, the defendant must provide evidence establishing each element sufficient to warrant its consideration by the jury. *United States v. Bailey*, 444 U.S. 394, 415 (1980); *see also Mathews v. United States*, 485 U.S. 58, 63 (1988) ("[A] defendant is entitled to an instruction as to any

3

recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."). This record would not support the instruction that Daniels wants.

Assuming Daniels' explanation is accurate, it is nevertheless apparent that he had other options upon finding the gun in his girlfriend's minivan. His lack of knowledge of the gun's presence in the minivan when he got into the minivan does not make his continued possession innocent, and his possession of the firearm was not "transitory." He had the opportunity to promptly divest himself of the weapon by turning it over to police, but chose not to. Even assuming that he aborted an errand to return home, he still could not satisfy the stringent requirements set forth in *Mason*. Accordingly, we conclude that he has failed to establish the prerequisites for the innocent possession defense to be submitted to the jury even if such a defense had been available.

## II. The Constitutionality of Section 922(g)

As Daniels candidly admits, his argument that the trial court lacked subject-matter jurisdiction because 18 U.S.C. § 922(g) is an unconstitutional exercise of Congress's authority under the Commerce Clause has already been rejected by this court and need not be discussed as we are bound by those decisions under IOP 9.1.[2]

## III.

For the reasons stated above, we will affirm the conviction.

---

[2] *See* Appellant's Br. at 27 (citing *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001); *United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004)).

4