Richard STEWART, Appellant,

v.

UNITED STATES, Appellee.

No. 80–508.

District of Columbia Court of Appeals.

Argued Sept. 8, 1981.

Decided Oct. 23, 1981.*

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

M. Elizabeth Kent, for appellant.

Peggy M. Tobolowsky, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell and Evelyn E. Crawford Queen, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, MACK and PRYOR, Associate Judges.

PER CURIAM:

In this appeal from convictions of one count of possession of marijuana[1] and one count of possession of phencyclidine (PCP),[2] appellant asserts that: (1) the trial court erred in failing to instruct the jury on the defense of innocent possession; and (2) the convictions subjected him to double jeopardy because the trial court, after granting his motion for judgment of acquittal when the government rested its case, reversed itself and allowed the trial to continue to its conclusion. We affirm.

I

Appellant, an usher employed by the Warner Theater, was, on the evening of March 20, 1979, specially assigned to the Ontario Theater for two days to work as an usher at a rock concert. He testified that during that evening's concert he observed several people smoking pipes and cigarettes. He asked them to stop smoking a number of times. The third time he approached them he noticed a plastic bag on the floor between their seats. When he asked the people whose bag it was, no one claimed it. Appellant consequently picked up the bag and put it behind the stage curtain. It was subsequently determined that the bag contained five manila envelopes, four pieces of silver aluminum and a canister. Appellant testified that he neither opened the bag nor knew its contents.

Appellant further testified that when he finished work around midnight the theater manager was no longer present so he placed the bag behind the stage curtain with his own belongings inside his canvas tote bag and left everything there overnight. When appellant reported to the Ontario Theater on March 21, he was told by another usher that that night's concert had been cancelled so he picked up his tote bag which contained the plastic bag recovered the night before and, accompanied by Cedric Howard, headed toward the Warner Theater to collect his paycheck. He and Howard were arrested en route to the Warner Theater and, subsequently, were each charged with unlawful possession of marijuana and PCP.[3]

---

1. D.C.Code 1973, § 33–402.

2. D.C.Code 1973, § 33–702.

3. Appellant's codefendant Howard was convicted of one count of possession of PCP. He did not join in this appeal.

## II

Appellant contends that based on the evidence presented at trial he was entitled to a jury instruction on the defense of innocent possession. Appellant testified that he did not know what was contained in the plastic bag that he recovered and that he intended to turn the bag over to his supervisor at the Warner Theater or place it in the lost and found. He was on his way to pick up his paycheck and to turn in the bag when he was arrested. These facts are insufficient to make out the defense of "innocent possession" which appellant advances.[4] The trial judge did not err in failing to give appellant's requested instruction.

The defense of innocent possession has developed only in the context of weapons possession. *Hines v. United States*, D.C. App., 326 A.2d 247 (1974), set forth the standard for the defense.

> In order to assert the defense of innocent or momentary possession, an accused must show not only an absence of criminal purpose but also that his possession was excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement. . . . [*Id.* at 248.]

■ The *Hines* standard has been followed in a number of subsequent weapons possession cases. *See, e.g., Worthy v. United States*, D.C.App., 420 A.2d 1216, 1218 (1980); *Logan v. United States*, D.C.App., 402 A.2d 822, 825 (1979); *Carey v. United States*, D.C.App., 377 A.2d 40, 43 (1977). This case law explains that the defense of innocent possession has two elements: (1) possession without criminal intent, and (2) intent to take the item(s) to the police as soon as possible.

Under the *Hines* standard, appellant must show more than mere innocent possession in order to claim the defense. Appellant, rather, must prove that there was "innocent possession with the intent of ensuring that [the newly found weapon] is taken as soon and as directly as possible to law enforcement officers." [*Worthy v. United States, supra* at 1218 (*quoting Hines v. United States, supra* at 249).]

■ Appellant's testimony failed to establish the second element of a defense of innocent possession which requires the person attempting to assert the defense to have acted at once to turn the innocently possessed articles over to the police or other law enforcement officials. *See Worthy v. United States, supra* at 1218; *Logan v. United States, supra* at 826; *People v. La Pella*, 272 N.Y. 81, 4 N.E.2d 943 (1936). Appellant testified that he kept the plastic bag containing the drugs in his tote bag in an unsecured area backstage for almost twenty-four hours before going to the Warner Theater. Moreover, he was not going to turn the bag over to the police but to his supervisor or place it in the lost and found. Thus, even if such defense were available in a narcotics case, the trial court did not err in refusing to instruct the jury on innocent possession.

■ Additionally, had appellant's testimony disclosed facts which would have entitled him to an innocent possession instruction, appellant's proposed instruction was a misstatement of the law.[5] A party is not entitled to an erroneous instruction. *See Mitchell v. United States*, D.C.App., 302 A.2d 216, 218 (1973).

---

4. The elements of the offense with which appellant was charged are a knowing or intentional possession of narcotics or a dangerous drug. Appellant's purported defense was not that he did not know that he was carrying drugs but that his purpose in doing so was innocent.

5. Appellant's proposed instruction was that

> Evidence has been introduced that the Defendant(s) possessed drugs for the purpose of

turning it over to their supervisors. If you find that the Defendant(s)' possession was for the purpose of turning the drugs over to (his/their) supervisors, you must find the Defendant(s) not guilty.

The requested instruction did not set out the elements of the innocent possession defense. *Cf.* Criminal Jury Instructions for the District of Columbia, No. 4.815(B) (3rd ed. 1972).

### III

At the close of the government's case, outside the presence of the jury, appellant moved for a judgment of acquittal on various grounds, including alleged gaps in the chain of custody. When the court appeared to be concerned by the fact that no link had seemingly been established between the evidence seized from the defendants and the evidence removed from a lock-sealed envelope at trial, the government moved to reopen its case. The court first denied the government's motion and orally granted the judgment of acquittal. It then reconsidered its rulings and, over objection, allowed the government to reopen its case. The jury returned to the courtroom and the case continued.

■ "The constitutional prohibition against 'double jeopardy' was designed to prevent an individual from being subjected to the hazards of a trial and possible conviction more than once." *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). Here, appellant was not subjected to the harassment of a second trial, for a trial does not terminate until the actual entry of judgment; until then, the court is free to reconsider its rulings. *See In re J. A. H.*, D.C.App., 315 A.2d 825, 827 (1974); *United States v. Baker*, 419 F.2d 83, 89 (2d Cir. 1969), *cert. denied* 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970); *Price v. State*, 7 Md.App. 131, 145, 254 A.2d 219, 227 (1969).

■ The events which occurred at trial did not infringe on appellant's right to be free from double jeopardy. The court immediately reconsidered its ruling; no final judgment of acquittal was entered on any court documents; appellant was not discharged and subsequently brought back to stand trial; and the colloquy between court and counsel occurred outside of the presence of the jury. We share the views of the United States Court of Appeals for the Second Circuit which were expressed in *United States v. Baker, supra,* a similar procedural situation in which a trial court

orally granted a motion for judgment of acquittal and shortly thereafter reversed its ruling.

We must confess that we have difficulty in perceiving any connection between a defendant's constitutional right not to be placed twice in jeopardy and the events we have recited. Even those cases which define the scope of double jeopardy most broadly offer no support for Baker's argument. See, e.g., *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). In the case before us, no final judgment of acquittal was ever entered, and certainly Baker was not subjected to the harassment of successive prosecutions. Nor did the prosecution seek a delay in order to obtain a more favorable opportunity to convict. The only prejudice Baker suffered is psychological; his hopes were first raised, then quickly lowered. But so ephemeral and insubstantial an injury is not proscribed by the Constitution. [*Id.* at 89.]

*Affirmed.*

---

\* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Appellee's motion for publication was granted.