UNITED STATES

v.

Captain James E. NEELY, 249–98–6125 FV United States Air Force.

ACM 23559.

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 March 1982.

Decided 9 Dec. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

A general court-martial consisting of military judge alone convicted the accused, in accordance with his pleas, of wrongful pos-

session of cocaine and marijuana, and conduct unbecoming an officer and gentleman, violations of Articles 134 and 133, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 934, 933, respectively. The approved sentence is dismissal from the service and forfeiture of $500.00.

## I

The accused now asserts that the military judge erred in accepting his pleas of guilty because the facts elicited during the inquiry conducted pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), evinced the defense of innocent possession of contraband drugs. We disagree and affirm.

On 12 July 1981, the accused was driving back from a visit to Mexico. While crossing the international border at Del Rio, Texas, his car was searched by United States customs officials. During this search, customs agents found 0.4 grams of cocaine and 7.5 grams of marijuana. During the guilty plea inquiry, the accused related that he had discovered the cocaine in his scuba diving bag the day before the search took place. He stated that the cocaine belonged to someone else and had been placed in his diving bag a number of months before; however, he was unaware of its location until 11 July 1981. When queried as to whether he had attempted to turn the cocaine over to anyone in authority to get rid of it, he replied: "Not to any legal authorities. Only a plan I had formulated. No, sir. I did not try to turn it over to any legal authorities." The accused further stated that he had not attempted to get rid of the cocaine in any way. The military judge failed to inquire further into what the accused's "plan" was.

In *United States v. Thompson*, 21 U.S.C.M.A. 526, 45 C.M.R. 300 (1972), the accused was told by a friend that heroin had been planted in the accused's room. He immediately started to remove the heroin from a wall panel in his barracks room and was caught in the act of removing it. During inquiry into the providence of his guilty plea to possession of that heroin, he stated

that his purpose in removing it from the wall panel was to "get rid of it." Moreover, his co-accused stated that he and Thompson "were going to turn it in, either that or dump it on the guy's bed that put it in the wall there cause [they] didn't want to have anything to do with it." The military judge advised Thompson that if he intended to turn the contraband in, then his possession of it would be innocent. After a brief recess Thompson declared to the judge that he felt his possession was wrongful, but maintained that his purpose was to rid himself of the contraband. The United States Court of Military Appeals found that Thompson's explanation of his possession of the contraband conflicted with his plea of guilty to wrongful possession of that contraband, and held that the trial judge was obligated to reject the plea.

■ If an accused in a trial by court-martial sets up matter inconsistent with his pleas of guilty, then the trial judge must either resolve the inconsistency or reject the guilty pleas. Article 45, U.C.M.J., 10 U.S.C. § 845; paragraph 70*b*, Manual for Courts-Martial, United States, 1969 (Rev.); *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). The accused now urges that since his "plan" may have been to return the cocaine to its rightful owner, his possession could have been innocent. Thus, the military judge should have inquired of him further as to what he intended to do with the cocaine. Having failed to do so, the military judge should not have accepted the accused's pleas of guilty.

■ We hold that the colloquy between the accused and the military judge, considered with a stipulation of fact, did no more than raise the mere possibility of a defense, which was not inconsistent with a plea of guilty. *United States v. Baysinger*, 11 M.J. 896 (A.F.C.M.R.1981); *United States v. Turner*, 11 M.J. 784 (A.C.M.R. 1981). In sum, the inquiry disclosed that the accused believed himself guilty of the offenses charged and the factual circumstances support the pleas. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980).

## II

■ The accused remained in possession of the contraband a full day—a period of time too long for a successful defense of innocent possession. The facts as related by the accused in this case differ markedly from those in *United States v. Thompson, supra,* and in *United States v. Rowe,* 11 M.J. 11 (C.M.A.1981). In *Rowe,* the accused contested his guilt saying that someone at a party placed drugs in a bag in his automobile. He discovered the drugs in the bag when he returned to his room, immediately went to his car with the drugs and was returning them to their owner in such haste that he was stopped for speeding, which resulted in the drugs being found. The Court of Military Appeals held that the military judge erred by not giving an instruction defining innocent possession which was requested by the defense.

■ The common thread running through both of these cases is that each accused acted immediately to divest himself of the drugs as soon as he discovered them. This could be denominated the "hot potato" rule. Criminal liability cannot be imposed for possession of a forbidden substance that is truly planted evidence, when the accused's sole purpose in controlling it *for a few moments* is to rid himself of it. *United States v. Thompson, supra,* at 302 (emphasis added). This rule is tacit recognition that the longer a person maintains possession of an item without disposing of it, the stronger the inference becomes that he intends to keep it for himself. In this case Captain Neely did not act immediately. Even assuming that the drugs were planted in his diving bag, he evidently made no effort whatsoever to divest himself of possession of a substance which he knew was cocaine and whose possession was unlawful. By his own admission, he did not attempt to turn the cocaine in to the authorities nor did he try to dispose of it in any other manner. To the contrary, he remained in possession of the cocaine for at least a full day with some unarticulated purpose in mind. By the time the cocaine was discovered, the "hot potato" had cooled sufficiently to pre-vent application of the rule. *See also United States v. Kaufman,* 46 C.M.R. 822 (A.C. M.R.1972).

## III

■ Moreover, the appellant's actions force the conclusion that any plan he may have formulated could not have created an innocent possession. When a person is in possession of an object, he must choose one of three separate courses of action. He can either: (1) destroy the object, (2) retain it, or (3) turn it over to someone else. In the case of drugs, he would not be guilty of wrongful possession if he *immediately* destroyed the substance. However, he would be guilty of wrongful possession of the drugs if he availed himself of the second option and kept them or used them himself. The third option presents a more complicated situation. If a person is in possession of an object and desires to give it to someone else, he again has three choices. He can turn the object over to the authorities, return it to the person from whom he obtained it, or give it to a third party. It is clear that if he chooses to turn the object over to the authorities, his possession for that purpose is innocent if he acts immediately to do so. If he elects to give the substance to a third party he would be guilty of transfer and his possession could not be deemed innocent.

The problem arises when he decides to return the substance to the person from whom he obtained it. There appears to be a divergence of opinion among the current and former judges of the Court of Military Appeals as to whether possession for that purpose is wrongful or not. This divergence resulted in a dissenting opinion by Judge Quinn in the *Thompson* case, *supra,* and a three opinion decision in the *Rowe* case, *supra.* In his concurrence with the majority opinion in *Rowe,* which held that such possession was innocent, Chief Judge Everett said:

I have little sympathy for such a rule, which in the case at bar condones the return of drugs to a person who, as appellant was fully aware, would then proceed

to use or distribute them. However, our Court has not been supplied with any precedent from other jurisdictions—if any there be—which announces a different rule in such instances.

We note that subsequent to the decision in *Rowe,* the District of Columbia Court of Appeals was faced with a similar question. *Stewart v. United States,* 439 A.2d 461 (D.C.App.1981). That case involved an usher at a rock concert who observed several people smoking cigarettes and pipes. After asking them to stop smoking several times, the appellant noticed a plastic bag on the floor between their seats. When he asked whose it was, no one claimed it, so he put the bag behind the stage curtain. Since the theater manager had left by the time the appellant finished work, he placed the plastic bag inside his canvas tote bag and left it at the theater overnight. The next day he was arrested with the bag enroute to another theater where he was going to pick up his paycheck. He testified that he intended to turn the bag in to his supervisor or place it in the lost and found. The appellant contended that he was entitled to a jury instruction on the defense of innocent possession.

The court held that the trial judge did not err in failing to give the requested instruction. Noting that the defense of innocent possession developed in the context of weapons possession, the court cited *Hines v. United States,* 326 A.2d 247 (D.C.App. 1974), wherein Judge Nebeker set forth the standard for the defense as follows:

> In order to assert the defense of innocent or momentary possession, an accused must show not only an absence of criminal purpose but also that his possession was excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement.... [*Id.* at 248.]

The court then noted that subsequent case law explained that the defense of innocent possession has two elements: (1) possession without criminal intent, and (2) intent to take the item(s) to the police as soon as possible.* *See, e.g., Worthy v. United States,* 420 A.2d 1216, 1218 (D.C.App.1980); *Logan v. United States,* 402 A.2d 822, 825 (D.C.App.1979); *Carey v. United States,* 377 A.2d 40, 43 (D.C.App.1977). Since the appellant failed to establish the second element of the defense of innocent possession which requires the person attempting to assert the defense to have acted at once to turn the innocently possessed article over to the police or other law enforcement officials, the defense was not sufficiently raised and no instruction was required. *Stewart, supra* at 463.

We believe the analysis set forth in the *Stewart* case to be well reasoned and most persuasive. It is our opinion that it would be illogical to forgive the possession of unlawful drugs when the intent of the one in possession is to return the drugs into commerce, be it by transferring them to a third party or returning them to the prior possessor. Since neither person has any legal right to possess contraband, the previous possessor has no greater right to possess it than the third party. Approval of this type of activity is irreconcilable with aiding and enhancing the social policy underlying law enforcement. For that reason, we agree with Judge Quinn when he said in his dissent in *Thompson, supra,* "Possession for the purpose of transfer to an individual known to have no lawful right to receive it ... is wrongful possession."

The findings of guilty and sentence are AFFIRMED.

KASTL, Senior Judge, and SNYDER, Judge, concur.

---

* We note that the defense of innocent possession of planted unlawful drugs differs significantly from innocent possession of planted stolen property. In the case of stolen property, innocent possession would include possession with the intent to return it to its rightful owner. This would not be so for planted drugs. The difference is accounted for by the fact that the owner of stolen property has a legally enforceable right to return of the property; the "owner" of drugs has no such right. *See generally* Manual for Courts-Martial, United States, 1969 (Rev.) para. 200a(6); 3 Wharton's Criminal Law sec. 367 (C. Torcia 14th ed. 1980).