18 F.3d 954
 305 U.S.App.D.C. 194
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Randy Alonzo McFAIL, Appellant.
 No. 93-3075.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1994.
 
 Before: EDWARDS, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant challenges his conviction on two grounds. First, he alleges that the district court instructed the jury as to an element of the government's case (i.e., chain of custody) when it remarked that it had cut open the government's heatseal envelope the previous day, and that "everything was in order" with the envelope prior to it being cut open. Second, he contends that he was denied effective assistance of counsel when his trial attorney failed to request an "innocent possession" instruction with regard to the drugs and gun, even though that was his theory of the case.
 
 
 5
 Although the district court's remark was ill-advised, we find unpersuasive appellant's argument that "it is probable the jury would have come to a different conclusion as to the chain of custody if the district court had not instructed it that 'everything was in order' with the heat sealed envelope." Appellant's Brief at 7. Appellant never challenged the chain of custody at trial. The district court's stating to the jury that "everything was in order when I cut [the envelope] open" is not plain error and does not warrant relief. See generally United States v. Olano, 113 S.Ct. 1770, 1777 (1993).
 
 
 6
 Appellant's ineffective assistance of counsel argument is similarly unavailing. Appellant was entitled to an innocent possession instruction only if there was some evidence at trial tending to show that he "intended to take the [drugs and gun] to the police as soon as possible." Stewart v. United States, 439 A.2d 461, 463 (D.C.1981). See Weil v. Seltzer, 873 F.2d 1453, 1457 (D.C.Cir.1989). The evidence adduced at trial shows, however, that appellant was in possession of the drugs and gun for approximately nineteen hours, and that he intended to turn those items over to his mother, not the police. In these circumstances, appellant was not entitled to an innocent possession instruction. See Stewart, 439 A.2d at 463 (trial court did not err in refusing to instruct the jury on innocent possession where defendant testified that he kept the plastic bag containing the drugs for almost 24 hours, and that he was going to turn the bag over to his supervisor); Carey v. United States, 377 A.2d 40, 44 (D.C.1977) (defendant not entitled as a matter of law to innocent possession instruction where, "[w]ith full knowledge that possession of the pistol was illegal, [he] nonetheless retained it for more than twelve hours, and then carried it, still loaded, on the street). Therefore, no prejudice resulted from his trial counsel's failure to request such an instruction. See generally Strickland v. Washington, 466 U.S. 668, 687-96 (1984).