UNITED STATES, Appellee,

v.

Staff Sergeant James A. ANGONE,
United States Army,
Appellant.

ARMY 9901157.

U.S. Army Court of Criminal Appeals.

4 April 2001.

For Appellant: Colonel Adele H. Odegard, JA; Major Jonathan F. Potter, JA; Major Kirsten V.C. Brunson, JA; Captain Arun J. Thomas, JA (on brief).

For Appellee: Lieutenant Colonel Edith M. Rob, JA; Captain Paul T. Cygnarowicz, JA; Captain Paul R. Almanza, JA (on brief).

Before MERCK, Senior Judge, CURRIE, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT

NOVAK, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of absence without leave (AWOL) (three specifications) and wrongful possession of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for 100 days, reduction to Private E1, and a reprimand. This case is before the court for mandatory review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant asserts that his guilty plea to wrongful possession of marijuana is improvident, as the facts elicited during the providence inquiry show that he was an innocent possessor. Under the circumstances of this case, we disagree. The appellant's providence inquiry statements are not substantially inconsistent with his plea of guilty.

### FACTS

The stipulation of fact states that while the appellant was being escorted from unrelated, civilian confinement to his arraignment on

the original charges,[1] the appellant and his escorts stopped by the appellant's house to retrieve a uniform. There, the escorts "discovered a marijuana cigarette in [the appellant's] home," which later formed the basis for the appellant's conviction for possession of marijuana.

The appellant elaborated during the providence inquiry that after he entered his house, he opened a small vase in a medicine cabinet to get a cross and some antihistamines. Along with the items he was seeking, he saw in the vase what he recognized to be a half-inch long marijuana cigarette. Because the presence of the marijuana "startled" him and "because [he] was scared," he grabbed the marijuana. He thought at the time that if he did not take the marijuana out of the medicine cabinet, his escort would see it. The escort immediately recognized that the appellant had an unidentified object in his hand and "within seconds" took the marijuana cigarette from the appellant. The appellant claimed that the marijuana was not his, but rather belonged to the other person who was living in the house.

The military judge advised the appellant that if he "took possession of [the marijuana] to turn it in to proper authorities," his possession would not be wrongful; if, on the other hand, he picked it up "with the intent to hide it and conceal it from any proper authority," the possession would be wrongful. The appellant stated that he didn't think of telling his escorts to dispose of the marijuana, for fear of the "outcome," presumably that they would infer the marijuana belonged to him. His intent, had his escort not seen and immediately confiscated the marijuana, was to "[t]hrow it in the garbage...."

The military judge heard argument from counsel about the wrongfulness of the marijuana possession. The appellant again admitted that he "just wanted to get rid of [the marijuana]," and tried to hide the marijuana from his escorts because he "was going to throw it in the trash." Finally, the military judge advised the appellant that picking up marijuana "to get rid of it [ ] is not wrongful

possession of marijuana," but picking up the marijuana in the presence of "someone in [his] chain of command" and concealing it, in order to avoid getting into trouble, is wrongful possession. The appellant agreed that he was guilty based on the military judge's exposition of the law.

### *DISCUSSION*

■ During a providence inquiry, a military judge has a duty to ascertain from an accused that there is a sufficient factual basis for his plea of guilty. Rule for Courts–Martial [hereinafter R.C.M.] 910(e). Before the plea is accepted, the accused must admit every element of the offense. *Id.* discussion. "If any potential defense is raised by the accused's account of the offense or by other matter presented to the military judge, the military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which negate the defense." *Id.* "If an accused ... after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently ... a plea of not guilty shall be entered in the record...." UCMJ art. 45(a), 10 U.S.C. § 845(a). The "standard for determining whether a guilty plea should be rejected is whether there is a 'substantial basis' in law and fact for questioning the plea." *United States v. Gibson,* 43 M.J. 343, 346 (1995) (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)). The "mere possibility" of a defense is an insufficient justification to overturn a military judge's acceptance of a guilty plea. *United States v. Faircloth,* 45 M.J. 172, 174 (1996).

■ In order to accept a guilty plea to possession of marijuana, a military judge must satisfy himself that the appellant knowingly possessed marijuana, and that his possession was wrongful. *Manual for Courts–Martial, United States* (1998 ed.) [hereinafter *MCM*], Part IV, para. 37b(1); c(2) ("Possession inherently includes the power or authority to preclude control by others."); c(5) ("Possession ... is wrongful if it is without

---

1. The original charges other than the AWOL charges were ultimately dismissed before find-    ings.

legal justification or authorization."). Military courts have long recognized that possession of drugs is not wrongful if the appellant's intent is to properly dispose of the drugs. *See United States v. Thompson,* 21 U.S.C.M.A. 526, 45 C.M.R. 300, 1972 WL 14181 (1972); *United States v. Rowe,* 11 M.J. 11 (C.M.A.1981), *both overruled in part by United States v. Kunkle,* 23 M.J. 213 (C.M.A. 1987). "Properly" does not include return of the drugs to the original owner or other persons, except in extremely limited, duress-type circumstances. *Kunkle,* 23 M.J. at 218–19 (overturning *Rowe* and *Thompson* to the extent that those cases permitted return of drugs to the prior possessor); *MCM,* app. 23, Article 112a analysis, at A23–11. "Properly" certainly includes delivery as soon as possible to police authorities. *See Stewart v. United States,* 439 A.2d 461 (D.C.1981); *United States v. Neely,* 15 M.J. 505, 507 (A.F.C.M.R. 1982) (describing the drugs in that case as a "hot potato" that had cooled during an interval of time since its discovery, which was too long to allow an inference of innocent possession). Dicta in *Kunkle* also suggests that possession is innocent when the appellant intends to destroy or dispose of the drugs at the first opportunity:

> *Stewart* does not deal directly with the lawfulness of possession accompanied by an intent to destroy the contraband. However, such possession would also seem "innocent," since the intended destruction would protect others from potential harm due to the drugs. Certainly, it conforms more with the policy of the prohibition against drugs in order to destroy them than for [an appellant] to leave them where they might fall into the hands of a user. While we would prefer that illegal drugs be turned over to the police, it would be unfair to require this in all cases. The

accused has not created the situation which led to his having possession of the drugs; but if he delivers the contraband to the police, he may find himself under suspicion, or he may induce reprisals by the owner of the drugs.

23 M.J. at 217–18 (citations omitted).[2]

In the instant case, the military judge posited that possession by an unaccompanied appellant who finds contraband and intends to dispose of it may be lawful, but possession is wrongful when an appellant's disposal attempts involve concealment from police or other authorities immediately at hand. On appeal, the appellant simply claims, without addressing the factual distinctions drawn by the military judge, that *Kunkle* controls and that his uncontradicted intent to destroy the marijuana requires reversal of his conviction. A facially appealing argument can be made in support of the appellant's position based on the policy considerations outlined in *Kunkle.* First, an accused may be trying to protect himself from accusations that the item is his. *See Kunkle,* 23 M.J. at 218. Such accusations could have adverse consequences, especially in forums where evidentiary standards might be lower than those for criminal convictions (for a soldier, revocation of a security clearance, vacation of suspended punishment under Article 15, UCMJ, or selection for schooling or promotion; for a civilian, revocation of probation or parole, or discretionary civilian employment decisions). Second, an accused may be trying to protect himself from reprisal by the true owner of the item, whose identity would be discovered if the accused turned the item in to authorities. *See Kunkle,* 23 M.J. at 218. Both these concerns are present in equal measure whether an accused is in the presence of some level of authority or whether he is

**2.** *Accord United States v. Loper,* ACM No. 58602, 1992 WL 10532, 1992 CMR LEXIS 66 (A.F.C.M.R. 13 Jan. 1992). This court has not published any case directly dealing with innocent possession of contraband. In an unpublished case, we acknowledged that possession of a drug smoking device could be innocent if the possessor's intent was to throw the contraband in a dumpster. *See United States v. McDaniels,* ACMR 8903378 (A.C.M.R. 25 July 1990) (unpub.), *discussed in United States Army Legal Services Agency, USALSA Report, Army Law.,* Oct.

1990, at 32, 34. There, the appellant, upon moving into a barracks room, found in a common area a smoking device which he threw in the garbage can, intending to take all trash to a dumpster the next morning. The smoking device was detected in the garbage can during an unannounced inspection very early the next morning. Our court held that scenario raised the possible defense of innocent possession, and that the appellant's plea to possession of the smoking device was improvident under those circumstances.

alone. Likewise, whether an accused disposes of drugs immediately or after brief concealment from police authorities, the accused's ultimate disposal would presumably "protect others from potential harm due to the drugs." *Kunkle*, 23 M.J. at 217.

We are unpersuaded by these arguments where the appellant's temporary possession and concealment are undertaken to thwart imminent seizure of contraband by military or civilian authorities. If authorities are at hand, the more compelling public policy supports requiring an appellant to step back and let the authorities complete their mission unimpeded. After all, at least some precedents express a clear preference that an illegally possessed item be relinquished to the first available police or other authorities, who can then dispose of it in the safest, most effective manner. *Id.; Stewart*, 439 A.2d at 463, *cited in Kunkle*, 23 M.J. at 217. Allowing individuals to grab and to attempt to conceal contraband such as drugs or weapons as police close in presents unjustifiable dangers to all involved.[3] In addition, any concealment or disposal of contraband may involve aspects of dereliction of duty,[4] misprision of a serious offense or obstructing justice, *see MCM*, paras. 95 and 96;[5] this would be especially true where seizure of the item and possible subsequent criminal proceedings are imminent. *Cf. United States v. Ridgeway*, 13 M.J. 742 (A.C.M.R.1982). We do not read *Kunkle* to support the destruction of evidence in this fashion.[6]

 We are satisfied that the military judge correctly explained to the appellant the potential defense of innocent possession. We hold that the defense of innocent possession does not apply in those cases where an appellant exercises control over an item for the purpose of preventing its imminent seizure by law enforcement or other authorities, even if he intends to thereafter expeditiously destroy the item. Thus, the appellant's factual assertions that although he controlled the marijuana, the marijuana was not his; that he continuously intended to dispose of the marijuana; but that his momentary possession of the marijuana was with the intent to conceal it from inevitable discovery and imminent seizure by his escorts, together do not constitute a substantial basis in law or fact for questioning the appellant's plea of guilty. We further hold that by pleading guilty after weighing his possible defense of innocent possession, appellant knowingly and intelligently waived a trial on the facts on the issue of the wrongfulness of his possession of marijuana. *Cf. Faircloth*, 45 M.J. at 174.

We have considered the matters submitted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MERCK and Judge CURRIE concur.

---

3. Similar policy considerations justify the exception to the requirement for a search warrant in those cases where police officers fear imminent destruction of evidence. *See, e.g., United States v. Turner*, 650 F.2d 526 (4th Cir.1981); *United States v. Gardner*, 553 F.2d 946, 948 (5th Cir. 1977); *United States v. Curran*, 498 F.2d 30, 34–35 (9th Cir.1974); *United States v. Rubin*, 474 F.2d 262, 267–68 (3d Cir.1973); *see generally* 3 *Wayne R. LaFave, Search and Seizure* § 6.5, at 336–60 (3d ed.1996).

4. *Cf. United States v. Medley*, 33 M.J. 75 (C.M.A.1991)(noncommissioned officer has duty to report drug use by others).

5. *See generally Major David D. Jividen, Charging Post–Offense Obstructive Actions*, 40 A.F. L.Rev. 113 (1996).

6. We find the elements of the California jury instructions on this point to be illuminating: possession of an item is lawful where: (1) "possession is [momentary and] based on neither ownership nor the right to exercise control over" the item; (2) the item "is possessed solely for the purpose of abandonment, disposal, or destruction"; (3) the item "is possessed for the purpose of terminating the unlawful possession of it by another person or preventing another person from acquiring possession of it"; and (4) "[c]ontrol is not exercised over the [item] for the purpose of preventing its imminent seizure by law enforcement". Cal. J.I.C. 12.06, ("Possession—Not Unlawful—Burden of Proof" (6th ed.)) (some brackets in original), *analyzed in People v. Hurtado*, 47 Cal.App.4th 805, 54 Cal.Rptr.2d 853 (1996).