IN THE CASE OF


UNITED STATES, Appellee

v.


James A. ANGONE, Staff Sergeant
U.S. Army, Appellant

No. 01-0530


Crim. App. No.  9901157

United States Court of Appeals for the Armed Forces

Argued December 12, 2001

Decided July 17, 2002

SULLIVAN, S.J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE, EFFRON, and BAKER JJ., joined.

Counsel

For Appellant:    Captain Linda A. Chapman   (argued); Colonel Adele H.
Odegard, Lieutenant Colonel E. Allen Chandler, Jr., and Major Mary M.
McCord (on brief).


For Appellee:  Captain Daniel A. Tanabe  (argued); Colonel Steven T. Salata,
Lieutenant Colonel Denise R. Lind, and Major Paul T. Cygnarowicz (on
brief).




Military Judge: Gary J. Holland


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Senior Judge SULLIVAN delivered the opinion of the Court.

In December of 1999, appellant was tried by a general court-martial composed of a military judge sitting alone at Fort Campbell, Kentucky.  In accordance with his pleas, he was found guilty of three specifications of unauthorized absence and one specification of wrongful possession of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively.  The military judge sentenced him to a bad-conduct discharge, 100 days' confinement, reduction to the lowest enlisted grade, and a reprimand.  On March 2, 2000, the convening authority approved the adjudged sentence, and the Court of Criminal Appeals affirmed on April 4, 2001.  54 MJ 945 (Army Ct. Crim. App. 2001).

On September 10, 2001, this Court granted review of the following issues:

> I.  WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO THE ADDITIONAL CHARGE AND ITS SPECIFICATION (WRONGFUL POSSESSION OF MARIJUANA) WHEN APPELLANT ASSERTED A MATTER INCONSISTENT WITH A FINDING OF GUILT.
>
> II.  WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT HELD THAT THE DEFENSE OF INNOCENT POSSESSION DID NOT APPLY IN APPELLANT'S CASE WHERE HE EXERCISED MOMENTARY CONTROL OVER A MARIJUANA ROACH WITH THE INTENT TO DESTROY IT IMMEDIATELY.

We hold that there was no substantial basis in law and fact for rejecting appellant's pleas of guilty, and we affirm.  See generally United States v. Prater, 32 MJ 433, 436 (CMA 1991).

The Court of Criminal Appeals found the following facts concerning the granted issues:

> The stipulation of fact states that while the appellant was being escorted from unrelated, civilian confinement to his arraignment on the original charges, the appellant and his escorts stopped by the appellant's house to retrieve a uniform.  There, the escorts "discovered a marijuana cigarette in [the appellant's] home," which later formed the basis for the appellant's conviction for possession of marijuana.
>
> The appellant elaborated during the providence inquiry that after he entered his house, he opened a small vase in a medicine cabinet to get a cross and some antihistamines.  Along with the items he was seeking, he saw in the vase what he recognized to be a half-inch long marijuana cigarette.  Because the presence of the marijuana "startled" him and "because [he] was scared," he grabbed the marijuana.  He thought at the time that if he did not take the marijuana out of the medicine cabinet, his escort would see it.  The escort immediately recognized that the appellant had an unidentified object in his hand and "within seconds" took the marijuana cigarette from the appellant. The appellant claimed that the marijuana was not his, but rather belonged to the other person who was living in the house.

The military judge advised the appellant that if he "took possession of [the marijuana] to turn it in to proper authorities," his possession would not be wrongful; if, on the other hand, he picked it up "with the intent to hide it and conceal it from any proper authority," the possession would be wrongful. The appellant stated that he didn't think of telling his escorts to dispose of the marijuana, for fear of the "outcome," presumably that they would infer the marijuana belonged to him. His intent, had his escort not seen and immediately confiscated the marijuana, was to "[t]hrow it in the garbage…."

The military judge heard argument from counsel about the wrongfulness of the marijuana possession. The appellant again admitted that he "just wanted to get rid of [the marijuana]," and tried to hide the marijuana from his escorts because he "was going to throw it in the trash." Finally, the military judge advised the appellant that picking up marijuana "to get rid of it [] is not wrongful possession of marijuana," but picking up the marijuana in the presence of "someone in [his] chain of command" and concealing it, in order to avoid getting into trouble, is wrongful possession. The appellant agreed that he was guilty based on the military judge's exposition of the law.

United States v. Angone, 54 MJ at 945-46 (emphasis added)(footnote omitted).

―――  ―――  ―――

Appellant, before the Court of Criminal Appeals, challenged his conviction for wrongful possession of marijuana and the

4

military judge's acceptance of his pleas of guilty to this offense.  He argued that the providence inquiry at his court-martial produced matter inconsistent with his pleas of guilty, and that the military judge was required by law to reject them.  Before this Court, he further contends that the Court of Criminal Appeals erroneously concluded that the defense of innocent possession did not apply in his case.  We find no legal error in the trial judge's acceptance of appellant's guilty pleas to this offense.

Article 112a, UCMJ, states:

> **§ 912a. Art 112a.  Wrongful use, possession, etc., of controlled substances**
>
> (a) Any person subject to this chapter who <u>wrongfully</u> uses, <u>possesses</u>, manufactures, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.
>
> (b)The substances referred to in subsection (a) are the following:
>
> (1) Opium, heroin, cocaine, amphetamine, lysergic acid diethylamide, methamphetamine, phencyclidine, barbituric acid, and <u>marijuana</u> and any compound or derivative of any such substance.

(Emphasis added.)

In United States v. Kunkle, 23 MJ 213 (CMA 1987), this Court specifically recognized that our prior decisions establishing an innocent possession defense to a military drug possession charge included a defense based on inadvertent possession. This Court held that the defense requires inadvertent possession of the drug coupled with certain subsequent actions taken with an intent to immediately destroy the contraband or deliver it to law enforcement agents. Id. at 217, 219.

This Court spoke first to the question of inadvertent possession. It said:

> [M]ajority holdings in both Thompson and Rowe were to the effect that an accused possession of drugs is not "wrongful" if they came into his possession without his knowledge and if, upon becoming aware thereof, he took immediate steps to rid himself of the contraband by redelivery to the owner. In both cases, it was assumed by the Court that the drugs had been "planted" or left in the accused's possession without his knowledge and that, upon discovering them, he had taken immediate and affirmative steps to return them to the person who had left them in his possession. Indeed, in Thompson the Court emphasized that the drugs were "truly planted evidence" and that "the accused's sole" ephemeral possession of the drugs was "to rid himself of" them.

6

> 21 U.S.C.M.A. at 528, 45 C.M.R. at 302. Also, as the Court indicated in Rowe, the accused "immediately" attempted to leave the base to take the drugs back to the owner as soon as he realized what he had in his bag.  11 M.J. at 12.
>
> Accordingly, the present case is distinguishable from Thompson and Rowe. The drugs were not "truly planted evidence," for they had been left in open view in Kunkle's apartment during a party.

Id. at 217 (emphasis added).

This Court also spoke to the question of permissible conduct with the inadvertently discovered contraband drugs.  It overruled our prior decisions holding "that inadvertent possession of contraband is innocent [not wrongful] if accompanied by an intent to return or redeliver it immediately to the prior possessor…" Id. at 219.  Chief Judge Everett, writing for the Court, stated:

> If an accused has unwittingly come into possession of drugs and he does not either destroy them immediately or deliver them to the police, however, but instead returns them to the owner, he cannot excuse or justify his possession "as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement."  See Stewart v. United States, [439 A.2d 461, 463 (D.C. App. 1981)], quoting from 326 A.2d at 248.

Id. at 218 (emphasis added).  He noted a single exception to this rule:

7

>       If a person inadvertently comes into
>       possession of contraband and reasonably
>       believes that he would be exposing
>       himself to immediate physical danger
>       unless he returned it to the prior
>       possessor, then his possession and
>       return of the property are innocent.

Id. (emphasis added).

We have examined the record of trial in appellant's case and discern no substantial basis for an innocent possession defense as delineated in Kunkle.  See generally United States v. Prater, supra.  First, appellant does not claim, nor do the facts of this case suggest, that the marijuana cigarette in question was planted in his medicine cabinet.  Here, appellant, like Kunkle, admitted that he knowingly took possession of a contraband drug which he discovered unattended in his apartment which he shared with a roommate.  (R. at 47)  Such evidence is insufficient to show inadvertent possession.  See United States v. Kunkle, supra at 217.

Second, even assuming such possession be treated as inadvertent, appellant also admitted that he did not deliver the half-inch long marijuana cigarette to his command escorts, nor did he immediately destroy this contraband item.  Furthermore, he did not maintain temporary possession of this contraband under the reasonable belief that he would be exposing himself to immediate physical danger if he did not return it to its prior

possessor.  His positive acts of seizing and attempting to conceal the contraband from available law enforcement personnel, where immediate physical harm was not threatened, did not constitute innocent possession as delineated in Kunkle.  Id. at 218; see United States v. Angone, 54 MJ at 948 n.6  (citing California jury instruction that possession is not lawful if done for purpose of preventing imminent seizure by law enforcement).

Finally, appellant's asserted intent to discard this contraband in the future did not invalidate his guilty plea.  He further admitted that his intent at the time of the seizure was to conceal the marijuana cigarette from his command escort to avoid being prosecuted for the unlawful possession of drugs.  We agree with the trial judge and the Court of Criminal Appeals that United States v. Kunkle does not afford him such a license. 23 MJ at 217-18.  Accordingly, there is no substantial basis in law and fact to overturn appellant's guilty pleas.

The decision of the United States Army Court of Criminal Appeals is affirmed.