**UNITED STATES of America, Appellee**

v.

**Tony Angelo MASON, Appellant**

**No. 00–3004.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 13, 2000.

Decided Dec. 15, 2000.

As Amended Jan. 10, 2001.

Edward H. Rippey, appointed by the court, argued the cause for appellant. With him on the briefs was Mark H. Lynch.

Kenneth W. Cowgill, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, U.S. Attorney, John R. Fisher, Mary–Patrice Brown and John D. Crabb, Jr., Assistant U.S. Attorneys.

Before: EDWARDS, Chief Judge, WILLIAMS and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Tony Angelo Mason appeals his conviction under 18 U.S.C. § 922(g)(1) (1994). During his trial, Mason testified that he found a gun in a paper bag near a school while he was working as a delivery truck driver. He claimed that he took possession of the gun only to keep it out of the reach of the young children at the school, fully intending to give the weapon to a police officer whom he expected to see later that day on his truck delivery route. A law enforcement officer discovered the gun in Mason's possession, however, before Mason acted on his own to relinquish possession. Mason was then arrested and subsequently indicted for a violation of § 922(g)(1), which makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition.

At the conclusion of his trial, Mason asked the District Court to instruct the jury that "innocent possession" was a defense to the crime charged under § 922(g)(1). The trial judge denied the request, instructing the jury instead that "well meaning possession" was not a defense to the § 922(g)(1) charge. The trial judge instructed the jury that, so long as he "knowingly possessed" the gun, it did not matter why Mason had the weapon in his possession. The jury then returned a verdict of guilty and Mason was subsequently sentenced to 77 months in federal prison.

Mason's principal argument on appeal is that the District Court erred in refusing to give an "innocent possession" instruction. The Government concedes that, in certain circumstances, *innocent possession* may be

a defense to a charge under § 922(g)(1). The Government argues, however, that such a defense could not succeed on the record in this case.

We agree that, in appropriate circumstances, a defense of *innocent possession* may be asserted in a criminal prosecution that rests on a charged violation of § 922(g)(1). We also find that, in the instant case, the District Court erred in refusing to give an innocent possession instruction. Accordingly, we hereby reverse the judgment of the District Court and remand the case for a new trial.

## I. BACKGROUND

On April 13, 1999, the day of his arrest, Mason was driving a truck and delivering drinking water for his employer, Snow Valley. Mason testified that, after making a delivery to a housing development at 69 L Place, N.W., Washington, D.C., and as he was returning to his truck, he came upon a brown paper bag on the ground and found a gun with ammunition in it. Trial Transcript at 19 (Aug. 27, 1999) [hereinafter "Tr. 8/27"]. He picked up the bag and took it with him to his truck. He then took the gun out of the bag, tucked the weapon into the side of his weight belt, and put the ammunition in his pocket. Tr. 8/27 at 19. Mason testified further that he picked up the gun "because it was in an area where there is the school there and there were a lot of children outside." Tr. 8/27 at 20. According to Mason, he proceeded to the Library of Congress, which was his next water delivery stop, where he intended to turn over the gun to a Library of Congress police officer he knew. Tr. 8/27 at 20–21.

Bobby Henson, a uniformed Library of Congress police officer, was stationed at the entrance gate adjoining a loading dock in the Library of Congress building when Mason drove his Snow Valley truck into the loading dock area. Having seen Mason before, but not being able to recall Mason's name, Officer Henson testified that he motioned for Mason to stop so that he could record his name in the log. Trial Transcript at 10 (Aug. 26, 1999) [hereinafter "Tr. 8/26"]. Mason testified that he thought the officer was waving him on, so he did not stop. Tr. 8/27 at 22. After parking his truck and unloading several bottles of water, Mason continued on towards the dock master's desk, where he signed in before entering the Library of Congress. Tr. 8/27 at 25.

Officer Patrick J. Curtis, Jr., who was stationed at a metal detector approximately ten to fifteen feet away from the dock master's desk, testified that Mason walked by him on his way to the dock master's desk. Tr. 8/26 at 27–28, 31. When Mason leaned over the desk to sign in, Officer Curtis observed what he believed to be the butt of a handgun protruding from Mason's waistband. Tr. 8/26 at 32. Officer Curtis then approached Mason, visually confirmed that Mason was carrying a gun, and then ordered Mason to put his hands on the table in front of him. Officer Curtis detained Mason at gun point and removed the gun from Mason's waistband. Tr. 8/26 at 34. Mason was subsequently arrested.

On May 13, 1999, a federal grand jury indicted Mason on one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Mason*, Crim. No. 99–0162 (D.D.C. May 13, 1999), *reprinted in* Appellant's Appendix ("App.") at 4. A superceding indictment was filed on August 24, 1999. *See* Superceding Indictment, *Mason*, Crim. No. 99–0162 (D.D.C. Aug. 24, 1999), *reprinted in* App. at 10.

During Mason's trial on the § 922(g)(1) charge, the prosecutor asked the trial judge to preclude the defense from trying to introduce evidence that Mason was justified in possessing the gun. Tr. 8/26 at 116. The prosecutor argued that, pursuant to authorities such as *United States v. Perrin*, 45 F.3d 869 (4th Cir.1995), the so-

called "justification" defense to a felon-in-possession charge under § 922(g)(1) is available only when (1) the felon or someone else was under an unlawful and present threat of death or serious bodily injury; (2) the felon did not recklessly place himself in the situation where he would be forced to engage in criminal conduct; (3) the felon had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) there was a direct causal relationship between the criminal act and the avoidance of the threatened harm. *Id.* at 873–74. Defense counsel objected on two grounds: first, counsel argued that the Government's motion was premature, because Mason had yet to present any evidence; second, counsel asserted that Mason intended to rely on an "innocent possession" defense, not the "justification" defense. Tr. 8/26 at 116–17. In asserting the innocent possession defense, Mason's counsel directed the District Court's attention to CRIMINAL JURY INSTRUCTIONS, DISTRICT OF COLUMBIA, No. 4.71(B) (4th ed.1993) ("Redbook"), and to D.C. Court of Appeals decisions, such as *Carey v. United States,* 377 A.2d 40, 42–44 (D.C. 1977), and *Hines v. United States,* 326 A.2d 247, 248 (D.C.1974), and unspecified federal circuit opinions, purporting to apply the innocent possession standard. Tr. 8/26 at 117, 119–20.

The District Court denied the Government's motion to preclude the "justification" defense, finding the motion premature. Tr. 8/26 at 122. On the following day of trial, Mason then testified, as noted above, that he possessed the weapon with innocent and good purpose. At the conclusion of the trial, Mason's counsel made an oral and a written request for an instruction on the defense of innocent possession. The proposed instruction was as follows:

Mr. Mason would be not guilty of the offense charged here if he lacked any criminal purpose in possessing the weapon and/or ammunition and he possessed the weapon in an affirmative effort to aid social policy for example: 1) to protect the finder or others from harm, 2) to turn it over to the police, or 3) to otherwise secure it.

Mr. Mason's Additional Proposed Jury Instructions, *reprinted in* App. at 48. The District Court rejected the innocent possession instruction. Instead, over the objection of defense counsel, the trial judge instructed the jury as follows:

If you find that the defendant knowingly possessed the gun or ammunition, then the reason the defendant may have had for possessing them is not relevant to your consideration of the evidence. Well meaning possession is not a defense to the charge in this case.

Tr. 8/27 at 103.

The jury returned a guilty verdict against Mason. The District Court then sentenced Mason to 77 months in federal prison, followed by three years of supervised release. *See* Judgment, *Mason,* Crim. No. 99–0162 (D.D.C. Dec. 28, 1999), *reprinted in* App. at 52–53. Mason's sentence represented a two-level reduction in the adjusted offense level pursuant to United States Sentencing Guideline § 5K2.0. *See United States v. Mason,* 90 F.Supp.2d 1, 1 (D.D.C.1999).

Mason now appeals his conviction, challenging the District Court's failure to give an innocent possession instruction to the jury. He seeks reversal of the District Court's judgment and remand for a new trial.

## II. ANALYSIS

■ Both the Government and the defendant agree that there is a "justification" defense to a felon's possession of a gun in violation of § 922(g)(1). *See, e.g., United States v. Dodd,* 225 F.3d 340 (3d Cir.2000); *United States v. Deleveaux,* 205 F.3d 1292 (11th Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *United*

*States v. Gomez*, 92 F.3d 770 (9th Cir. 1996); *Perrin*, 45 F.3d 869. The present case, however, does not implicate the justification defense, because there was no evidence of an imminent threat of death or bodily injury to Mason or others. *See Deleveaux*, 205 F.3d at 1297. The parties do not disagree over this point. Rather, the issue here is whether there is a distinct innocent possession defense, *i.e.*, apart from the justification defense, to a felon-in-possession charge under § 922(g)(1), and, if so, how it should be defined.

■ At oral argument, Government counsel forthrightly conceded that, although narrow, there must be an innocent possession defense to a § 922(g)(1) charge. We agree. Indeed, we cannot imagine otherwise. It is true that some courts have emphasized that no criminal intent is required to establish guilt under § 922(g)(1). *See, e.g., Deleveaux*, 205 F.3d at 1298 (stating that under § 922(g)(1) "[t]he prosecution need show only that the defendant consciously possessed what he knew to be a firearm"). Nonetheless, as the Government here recognized, to completely reject the possibility of an innocent possession defense is to say that a felon-in-possession *always* will be guilty once he knowingly possesses a weapon, without regard to how or why he came into possession or for how long possession was retained. Thus, for example, if Mason did indeed innocently pick up a bag containing a gun (not knowing what was in the bag), he would be guilty the moment he was seen holding the bag knowing of its contents, even if he had every intention of relinquishing possession immediately. There is nothing to indicate that Congress intended such a harsh and absurd result and Government counsel acknowledged that § 922(g)(1) should not be read this broadly.

The real problem in this case is not whether there is an innocent possession defense, but, rather, how to define it. This is no mean feat. Although Congress may not have meant to produce absurd results in enacting § 922(g)(1), there is no doubt that the criminal proscription is strict. Nonetheless, as both parties here agree, certain carefully confined extenuating circumstances may preclude a conviction under § 922(g)(1) based on mere knowing possession.

Some of our sister circuits appear to have recognized an innocent possession defense; however, we can find no case in which a circuit has squarely applied the innocent possession defense to a § 922(g)(1) charge, where the elements of a justification defense are not present. *See United States v. Ali*, 63 F.3d 710, 716 n. 7 (8th Cir.1995) (declining to address whether the defense was available because defense counsel failed to seek a proper instruction on the innocent possession theory, but noting that its case law did not foreclose such a defense); *United States v. Elder*, 16 F.3d 733, 738 (7th Cir.1994) (concluding that although the innocent possession defense presented a "novel issue," it need not decide the issue because the evidence did not support the defense); *cf. United States v. Wolak*, 923 F.2d 1193, 1198 (6th Cir.1991) (recognizing an "innocent possession defense," though the defense in that case is more properly considered a "justification defense" as life and limb were arguably at stake).

There are reported state court judgments, however, that have allowed an innocent possession defense to a weapons possession charge. *See, e.g., Bieder v. United States*, 707 A.2d 781, 783–84 (D.C.1998) (acknowledging innocent possession defense to charge of carrying a pistol without a license); *People v. Hurtado*, 47 Cal. App.4th 805, 54 Cal.Rptr.2d 853, 858 (1996) (stating that the momentary possession for disposal defense, initially established for the possession of controlled substances, extends to possession of a firearm by a felon offenses); *People v. Williams*, 50 N.Y.2d 1043, 431 N.Y.S.2d 698, 409 N.E.2d 1372, 1373 (N.Y.1980) (recognizing innocent possession defense to a charge of criminal weapons possession). *See also* REDBOOK,

Instruction No. 4.71(B) (4th ed.1993) ("The defendant would be not guilty of the offense charged here if s/he lacked any criminal purpose in carrying or possessing the weapon [ammunition] and s/he [intended to take it as soon and as directly as possible to law enforcement]."); CRIMINAL JURY INSTRUCTIONS, NEW YORK, No. 9.65 (1983) ("A person who recently finds a weapon and thus possesses it temporarily, with no intention to retain it, but with the intention of promptly turning it over to a lawful authority, is not guilty of unlawful possession. Such possession, if temporary, is lawful."). Some of the statutes at issue in the state court decisions are not felon-in-possession statutes. Nevertheless, the rationale underlying these decisions seems to apply equally to § 922(g)(1).

■■■ There are two general requirements that must be satisfied in order for a defendant to successfully invoke the innocent possession defense. The record must reveal that (1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory—*i.e.,* in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In particular, "a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct." *Logan v. United States,* 402 A.2d 822, 827 (D.C. 1979). When these requirements are met, possession is "excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement." *Hines v. United States,* 326 A.2d 247, 248 (D.C.1974).

The innocent possession defense may arise in a range of factual scenarios, including cases like the instant one in which the defendant's claims of innocent possession, lack of illicit purpose, and transitory possession are plausible, albeit debatable.

Such cases are for the jury to decide. There are some easy cases on either end of the spectrum, however.

For example, suppose there was undisputed and credible evidence that a defendant left his truck locked to make a delivery and, upon returning, found that the truck had been broken into and a gun left on the driver's seat. Suppose further that, surprised by his discovery, the defendant picks up the gun, removes the ammunition, and then immediately calls "911" to seek police assistance. When the police arrive, the defendant is found holding the gun and ammunition, which he turns over to the officers. Surely, with such a record, a judgment of acquittal would be in order.

On the other hand, suppose that, upon finding the firearm, the hypothetical defendant promptly hides the gun and ammunition in his truck. Assume further that the defendant finishes his deliveries and says nothing to anyone about the gun or ammunition. Then, at the end of his work day, the defendant puts the gun and ammunition in his jacket pocket and takes them to his home, purportedly to consider what to do with them. The gun and ammunition remain in the defendant's possession overnight. The firearm is accidentally discovered the next day when a police officer sees the gun fall out of the defendant's jacket pocket. In such a case, there would be no plausible innocent possession defense, because the defendant could not show transitory possession. In other words, there would be no basis whatsoever to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In such a case, a trial judge should reject a request for an innocent possession instruction.

The innocent possession defense to a § 922(g)(1) charge is necessarily narrow. Thus, it does not offend the statute's goal of keeping guns out of the hands of convicted felons. *See Barrett v. United States,* 423 U.S. 212, 218, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) (noting that the pur-

pose behind the statute is to "keep firearms away from the persons Congress classified as potentially irresponsible and dangerous"). On this score, it is important to recall that "it is the retention of [a firearm], rather than the brief possession for disposal ... , which poses the danger which is criminalized" by felon-in-possession statutes. *Hurtado,* 54 Cal.Rptr.2d at 858. With this in mind, it is easy to understand why the innocent possession defense—which focuses precisely on how the defendant came into possession of the gun, the length of time of possession, and the manner in which the defendant acts to rid himself of possession—is fully consistent with the legislative purpose underlying § 922(g)(1).

 The instant case presents a close call. The asserted facts indicate that Mason's possession of the gun and ammunition was innocent and that he harbored no illicit purpose; there is a question, however, as to whether Mason took the necessary steps to dispose of the gun with immediacy and through a reasonable course of conduct. On balance, we find that Mason established an adequate record to warrant submission of an innocent possession instruction to the jury. *See Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 556 (D.C.Cir.1993) ("It is well established that '[a] defendant is entitled to an instruction on a defense theory if it has a basis in the law and in the record.'") (quoting *Hasbrouck v. Texaco, Inc.,* 842 F.2d 1034, 1044 (9th Cir.1987), *aff'd,* 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990)).

The testimony reflects that, once Mason found the weapon, he drove directly to deliver the weapon to an officer he knew who was only 10 minutes away; and he apparently made no attempt to hide the gun, which was seen sticking out of his belt. The Government, however, argues that Mason "did not embark upon a course of conduct reasonably calculated to result in the surrender of the pistol to police with immediacy," *see* Appellee's Brief at 30, because Mason (1) did not call the police,

even though he had a cellular telephone, and (2) did not surrender the weapon to the first police officer that he saw. This is precisely the kind of dispute that should be submitted to a jury. On remand, following a new trial, it will be up to the jury to assess the evidence and to determine whether, in light of the circumstances presented, Mason took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible.

### III. CONCLUSION

Because the District Court erred as a matter of law in not instructing the jury on Mason's innocent possession defense, Mason's conviction is reversed and the case is remanded for a new trial.