**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee,*

v.

JERMAINE BONEY,

　　　　*Defendant-Appellant.*

No. 01-4745

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Walter E. Black, Jr., Senior District Judge.
(CR-00-77-DKC)

Submitted: June 20, 2002

Decided: July 3, 2002

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Edward C. Sussman, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jermaine Boney appeals his conviction for being a felon in possession of a firearm. He contends that the district court erred by (1) denying his motion to dismiss the indictment alleging prosecutorial vindictiveness and (2) instructing the jury that he bore the burden of proving by a preponderance of the evidence his defense of justification. We previously granted Boney's motion to submit the case without oral argument.

Regarding the claim of prosecutorial vindictiveness, we have reviewed the briefs, trial transcript, and the district court's order denying Boney's motion, and we find no reversible error. Accordingly, we affirm on the reasoning of the district court. (*See* J.A. at 610-18).

Turning to Boney's claim of erroneous jury instructions, we review a claim that a jury instruction inaccurately stated the law de novo. *United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997). However, even where a jury instruction was erroneous, reversal is only warranted when the error was prejudicial. *Id.*

Assuming, without deciding, that the district court's instructions on the burden of proof were erroneous, we hold that the evidence showed beyond a reasonable doubt that the justification defense was inapplicable in this case. To establish a justification defense to a felon-in-possession charge, the evidence must show each of the following: (1) the defendant was under an unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *United States v. Perrin*, 45 F.3d 869, 873-74 (4th Cir. 1995).

Boney's own testimony disproved each of these elements. Boney testified that he dropped David Parker off on Zelma Avenue so that Parker could commit a robbery. Boney was supposed to pick him up about forty-five minutes later. A short time after Parker got out of the car, Boney heard gunshots, returned to the scene, and found Parker lying in the street.

As Boney turned the body over, a number of individuals approached the car. One of the men placed his hand in his waistband in a manner indicating the possible presence of a handgun. This man told Boney not to touch the body. At that point, Boney picked up Parker's gun which was lying beside Parker, despite being told not to do so by one of the individuals near the scene. Boney then got back in the car, drove to his girlfriend's home, and placed the gun in a dresser drawer. Boney later returned to the crime scene with Parker's mother.

As to the first element of the justification defense, this evidence was insufficient to establish the required present or imminent threat of death or injury. The threat or fear of future bodily harm does not warrant a justification defense. *United States v. Holt*, 79 F.3d 14, 16 (4th Cir. 1996). Even if Boney was under a present threat of death or injury at the scene, he was indisputably not under that threat once he left the scene and hid the gun at his girlfriend's house. The evidence showed beyond a reasonable doubt that Boney's continued possession was not related to a "present or imminent" threat of death or injury. *See United States v. Mason*, 233 F.3d 619, 624-25 (D.C. Cir. 2000) (retention of firearm after threat dissipated, without attempting to contact authorities or safely dispose of gun, is criminal act).

Second, Boney's own testimony shows that he recklessly placed himself in a situation where he would be forced to engage in criminal conduct. He dropped Parker off knowing that Parker intended to commit a robbery, and he planned to pick Parker up afterwards. In addition, upon hearing the gunshots, rather than calling the police, Boney chose to return to the crime scene and place himself in harm's way.

Third, Boney had a legal alternative both to his criminal act and to the avoidance of the threatened harm. He could have refused to be part of the attempted robbery, and he could have called the police,

both when he knew Parker was planning to commit a robbery and when he heard gunshots.

Finally, there was not a direct causal link between Boney's fear of the bystander and his criminal act. Faced with a man who told him not to touch Parker's body, Boney could have done just that and left the crime scene. Even if Boney's fear were reasonable, his continued possession of the firearm at his girlfriend's house was not linked to his fear of the unknown male, especially considering that Boney returned to the crime scene with Parker's mother, unarmed.

Thus, we find that the evidence showed beyond a reasonable doubt that Boney's actions were not justified. Moreover, Boney was likely not even entitled to a justification instruction, because he did not present sufficient evidence to create a jury issue as to all four elements. *See Perrin*, 45 F.3d at 873-74 (construing justification defense "very narrowly"). Since the district court was not required to instruct the jury on the justification defense, Boney suffered no prejudice from any error in the instruction. Accordingly, we affirm Boney's conviction.

*AFFIRMED*