# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4174

_____

United States of America,     *
              *
   Plaintiff - Appellee,   *
              * Appeal from the United States
   v.          * District Court for the Eastern
              * District of Arkansas.
Jairo G. Montgomery,     *
              *
   Defendant - Appellant.  *

_____

Submitted: April 18, 2006
Filed:  April 24, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

A jury convicted Jairo G. Montgomery of conspiracy to make a false statement to acquire a firearm and of being a felon in possession, and the district court[1] sentenced him to 24 months.  Montgomery appeals, challenging the sufficiency of the evidence, the district court's rejection of his proposed jury instructions, and the court's denial of a mistrial.  We affirm.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

A federal grand jury indicted Montgomery on one count of conspiracy to make a false and fictitious statement to a firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 371, and one count of being a felon in possession, in violation of 18 U.S.C. § 922(g)(1).

The government introduced evidence at trial that Montgomery and his father James entered Pawn Express to purchase firearms on March 28, 2003. Montgomery had been to the store earlier and told the owner that his father would be purchasing handguns for him because he was underage. During the actual transaction, Montgomery did not tell the store employee he was dealing with that he was underage but told him that he and his father were gun collectors and the amount he had to spend, selected six handguns and a rifle, filled out Form 4473 from the Bureau of Alcohol, Tobacco, and Firearms (ATF), paid for the guns, and carried them out to his father's car. James signed Form 4473 as the purchaser. Several weeks later the two tried to purchase additional guns from Pawn Express but were turned down because the owner was suspicious about the first sale. Montgomery then asked whether someone else could buy firearms for them.

After two of the purchased handguns were discovered in Chicago, an ATF agent interviewed Montgomery. During the interview Montgomery declared that he had helped his father with the ATF form because his father could not read or write very well. Montgomery also stated that his father was a gun collector who wanted to buy firearms and provided the funds for the purchase, that he had lived with his father prior to September 2003, and that the guns found in Chicago had been stolen by visiting relatives. The agent dictated a report of the interview after he returned to Chicago. When the agent was asked about his report at trial and whether Montgomery had had an opportunity to review it and affirm its accuracy, the agent testified that he

could do so "[i]f he would like to take the stand."[2] Defense counsel complained that this was a comment on Montgomery's right to remain silent and that he would likely request a mistrial if Montgomery did not testify. The court stated that it would probably overrule such a motion because the agent's comment was invited, and it offered to give a limiting instruction.

The government introduced evidence that a number of Montgomery's statements were false: James was not a gun collector, and Montgomery was not underage and he was ineligible to purchase firearms because of an earlier felony conviction. There was also evidence to show Montgomery's active role in the conspiracy and his possession of the purchased firearms while carrying them out of the store and riding with them in his father's car. Defense counsel requested a conspiracy instruction based on factors cited in a Ninth Circuit case, United States v. Moore, 109 F.3d 1456 (9th Cir. 1997), and also requested a transitory or innocent possession instruction. The district court concluded that the Eighth Circuit instructions on conspiracy were adequate and that no transitory or innocent possession instruction was warranted. After the jury had already begun to deliberate, Montgomery's counsel moved for a mistrial based on the statement by the ATF agent; the motion was denied.

Montgomery alleges that there is insufficient evidence to sustain the conspiracy conviction because the evidence did not show an agreement to make a false statement or demonstrate that Montgomery paid for or took possession of the guns, and he claims that the possession conviction cannot stand because the evidence only showed transitory possession. A judgment will be upheld where any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See

---

[2]The precise question asked by defense counsel was: "He's not had an opportunity to say whether that is true and correct, has he?" The agent answered: "If he would like to take the stand."

United States v. Barth, 424 F.3d 752, 761 (8th Cir. 2005). The testimony about Montgomery's repeated visits to Express Pawn, his statement that both Montgomerys were gun collectors, and his involvement in the purchase adequately support the determination that Montgomery conspired to make a false statement. With regard to the possession conviction, the evidence showed that Montgomery carried the guns to the car and thus had actual possession of the firearms and that he had constructive possession of the firearms while riding in the car. See United States v. Walker, 393 F.3d 842, 847 (8th Cir. 2005) ("Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located") (internal quotation omitted). Since Montgomery neither acquired the firearms innocently nor intended to turn them over to law enforcement, see United States v. Mason, 233 F.3d 619, 624 (D.C. Cir. 2000), he is not eligible for an innocent or transitory possession defense.

Montgomery also challenges the district court's rejection of his proposed jury instructions regarding the elements of conspiracy and his transitory possession defense. The conspiracy instruction Montgomery requested was based on factors discussed by the Ninth Circuit in Moore, but the Eighth Circuit pattern instruction given by the district court adequately informed the jury of the elements of conspiracy. Montgomery did not establish the factual predicate for an instruction on innocent or transitory possession, and he has not shown that the district court abused its discretion in respect to the jury instructions.

Finally, Montgomery alleges that the district court erred by denying a mistrial because the ATF agent unconstitutionally commented on his right to remain silent. Since Montgomery did not make the motion for a mistrial when the evidence was introduced but waited until after the jury had begun deliberating, we review his objection for plain error only. Given all of the evidence of guilt, any error would not have affected Montgomery's substantial rights. See United States v. Olano, 507 U.S. 725 (1993).

-4-

Accordingly, we affirm the judgment of the district court.

_____