[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12998
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00076-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TERRILL FAIRCLOTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Michael Terrill Faircloth appeals his conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).[1]  On appeal, he argues that the district court erred by rejecting his "innocent transitory possession" jury instruction, relying on *United States v. Mason*, 233 F.3d 619, 624 (D.C. Cir. 2000) (establishing an innocent possession defense to § 922(g)).  Faircloth further argues that he presented legally sufficient evidence in support of the innocent transitory possession defense.

At his trial, Faircloth testified in his defense to the following facts. He was at a vacant house owned by his wife to prepare the property for them to live in and to begin moving in their belongings. Among the items he moved into the house, he discovered a purse containing a loaded firearm. Because his cell phone battery was dead and he thought that the law required him to dispossess himself of the firearm immediately, he decided to remove the gun from the house himself and give it to someone who could turn it over to law enforcement. He put the weapon in his back pocket and went over to his neighbor's yard, ostensibly to give the firearm to his neighbor. As he entered his neighbor's property, where his neighbor was doing

---

[1] 18 U.S.C. § 922(g)(1) states:

> It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

yardwork, he noticed a truck with dark tinted windows parked behind the property, which he thought was unusual for that location and time of the evening. He asked his neighbor about the truck, and his neighbor responded that he had seen it there for a while. At that point, law enforcement arrived and swarmed the yard, arresting Faircloth.

The jury convicted Faircloth as charged. He now appeals his conviction, and asserts that "he was carrying out his intent to turn the firearm over to his neighbor to turn over to law enforcement when he left his house and carried the gun over to his neighbor, and but for the fortuitous circumstance of the fugitive task force at that very moment arresting him, he would have consummated his intention."

We review for abuse of discretion the decision of a district court to deny a request for a jury instruction. *United States v. Palma*, 511 F.3d 1311, 1314–15 (11th Cir. 2008). "We will find reversible error only if: (1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* at 1315 (quoting *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001)). Although the district court is "vested with broad discretion in formulating" jury charges, a defendant "is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence,

3

even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *Id.* (quoting *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986)). "In determining whether there is a proper evidentiary foundation for an instruction, the evidence must be viewed in the light most favorable to the accused." *Id.* We review *de novo* whether the defense produced sufficient evidence to sustain a particular jury instruction. *United States v. Moore*, 525 F.3d 1033, 1044 (11th Cir. 2008).

To prove that a defendant committed an offense under 18 U.S.C. § 922(g)(1), the government must establish that: (1) he knowingly possessed a firearm or ammunition; (2) he was previously convicted of an offense punishable by a term of imprisonment exceeding one year; and (3) the firearm or ammunition was in or affecting interstate commerce. *Palma*, 511 F.3d at 1315. We have consistently held that § 922(g) is a strict liability offense without any required specific criminal intent. *Id.*

In *Mason*, the D.C. Circuit held that a defendant could successfully invoke the "innocent transitory possession" defense so long as: (1) the defendant attained the firearm innocently and held it with no illicit purpose; (2) the possession was transitory; and (3) the defendant's actions showed *both* that he had the intent to turn over the weapon to police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct. *Mason*, 233 F.3d at 624.

4

Interpreting § 922(g), the D.C. Circuit reiterated that it was the retention of the firearm, rather than the brief possession for disposal, that posed the danger criminalized by felon-in-possession statutes. *Id.* at 625 (internal citations omitted).

In *Mason*, the defendant allegedly found a gun and ammunition in a paper bag near a school, placed the gun in his waistband and the ammunition in his pocket, and took the gun with him to his next delivery stop—the Library of Congress—where, he said, he intended to turn the gun over to a police officer with whom he was acquainted. *Id.* at 621. He did not stop to give the gun to a police officer at the entrance gate and was detained with the firearm by an officer stationed inside when he was signing in. *Id.* The D.C. Circuit concluded that these actions created a jury question regarding this defense. *Id.* at 625.

This Court, however, has never recognized the innocent transitory possession defense, and has recently outright rejected it. In *Palma*, which was precedent of this Court when Faircloth made his request for the jury instruction, we noted that we had never recognized the innocent transitory possession defense in a firearm possession case, and held that the district court did not abuse its discretion in refusing the proposed jury instruction because the defense—even if available— was unsupported by the evidence in the case. *Palma*, 511 F.3d at 1316–17. More recently, we have explicitly rejected the use of the defense in this Circuit. In *United States v. Vereen*, No. 17-11147, _F.3d_, 2019 WL 1499149, at *1–2 (11th

5

Cir. Apr. 5, 2019), we considered the case of a convicted felon who alleged he had unexpectedly found a firearm in his mailbox and intended to take the gun and report it to law enforcement but was immediately arrested. *Id.* After the jury found the defendant guilting of possession of a firearm by a convicted felon, the defendant challenged the district court's denial of his requested jury instruction on the innocent transitory possession defense. *Id.* at *3. This Court affirmed the district court's decision, noting that the facts of the D.C. Circuit's decision in *Mason* were "peculiar," and that it is the only Court of Appeals "out of at least half a dozen" to permit the use of the defense. *Id.* at *5.

We declined to follow *Mason* because "we can find nothing in the text to suggest the availability of an ITP defense to a § 922(g)(1) charge." *Id.* at *3. Specifically, this Court has held that § 922(g)(1) and § 924(a)(2) read together created a mens rea requirement "only that a § 922(g) defendant 'knowingly possessed' the firearm." *Id*. (quoting *United States v. Rehaif*, 888 F.3d 1138, 1143 (11th Cir. 2018)). We concluded that because the offense "only requires that the possession be *knowing*, it is a general intent crime." *Id.* at *4.

> As we see it, the text of the statute answers the precise question presented by the facts of our case: willfulness has been omitted from § 922(g)(1) and we are not free to rewrite the statute and include it. Our position is consonant with the Supreme Court's interpretation of the statute's purpose: "Congress sought to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society."

6

*Id.* at \*5 (citing *Small v. United States*, 544 U.S. 385, 393 (2005)).

Accordingly, Faircloth's "motive or purpose behind his possession is irrelevant." *Id.*[2]  His requested jury instruction did not "correctly state the law" in this Circuit because it included a defense which we had not adopted at the time, and which we have subsequently rejected.  *Palma*, 511 F.3d at 1315; *Vereen*, 2019 WL 1499149, at \*5. Accordingly, the district court did not abuse its discretion when it sustained the government's objection to the instruction.

**AFFIRMED.**

---

[2] We note—as we did in *Vereen*—that we continue to recognize a "necessity" defense to a felon-in-possession charge, but that defense is only available in "extraordinary circumstances," and requires "nothing less than an immediate emergency." *Vereen*, 2019 WL 1499149, at \*6; *United States v. Flores*, 572 F.3d 1254, 1266 (11th Cir. 2009). The necessity defense was not argued in this case, and the facts do not support such a defense.